## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TWO OLD HIPPIES, LLC,

       Plaintiff,

vs.                                      No. CIV 10-0459 JB/RLP

CATCH THE BUS, LLC, GARY MACK
and FALLON MACK,

       Defendants.

## <u>MEMORANDUM OPINION AND DEFAULT JUDGMENT AGAINST DEFENDANT CATCH THE BUS, LLC</u>

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Pleadings of and Enter Default Judgment Against Defendant Catch the Bus, LLC, filed November 2, 2010 (Doc. 27)("Motion").  The Court held a hearing on January 12, 2010.  The primary issue is whether the Court should strike Defendant Catch the Bus, LLC's pleading and enter default judgment against it, because Catch the Bus is no longer represented by counsel.  The Court grants the Motion on the condition that, if Catch the Bus does not obtain counsel within ten days of this order, then the Court will enter this judgment.

## <u>PROCEDURAL BACKGROUND</u>

On May 13, 2010, Two Old Hippies filed its Complaint for Breach of Contract, Breach of Warranty, Violation of the New Mexico Dealers Franchising Act, Violation of the New Mexico Unfair Practices Act, Violation of the Colorado Consumer Protection Act, Negligent Misrepresentation, and Rescission.  <u>See</u> Doc. 1.  Two Old Hippies brings this diversity action alleging claims under New Mexico state law for breach of contract -- Count I; breach of warranty -- Count II; violation of the New Mexico Motor Dealers Franchising Act, N.M.S.A. 1978, §§ 57-16-1

through 57-16-16 **--** Count III; violation of the New Mexico Unfair Trade Practices Act, N.M.S.A.

1978, §§ 57-12-1 through 57-12-26 -- Count IV; negligent misrepresentation -- Count VI; and

rescission -- Count VII.  Two Old Hippies also brings a claim under Colorado law for a violation

of the Colorado Consumer Protection Act C.R.S., §§ 6-1-101 through 6-1-115 -- Count V.

On June 23, 2010, the Defendants filed their Answer to Complaint for Breach of Contract,

Breach of Warranty, Violation of the New Mexico Dealers Frachising [sic] Act, Violation of the

New Mexico Unfair Practices Act, Violation of the Colorado Consumer Protection Act, Negligent

Misrepresentation, and Rescission.  See Doc. 6.  On June 28, 2010, the Defendants filed their Jury

Demand.  See Doc. 9 ("Jury Demand").  The Defendants' Jury Demand requests a six-person jury

"in the above-entitled cause of action."  Jury Demand at 1.  Two Old Hippies did not file a jury

demand in this case.

Counsel initially represented Catch the Bus.  On August 19, 2010, the Court entered its order

Allowing Withdrawal of Counsel, allowing Catch the Bus' counsel to withdraw.  See Doc. 23.  Two

Old Hippies move the Court to strike Catch the Bus' pleadings and enter default judgment against

Catch the Bus, pursuant to local rule 83.8(c) of the Local Rules of Civil Procedure for the United

States District Court for the District of New Mexico.  Catch the Bus did not respond to Two Old

Hippies' Motion, and the Defendants did not appear at the January 12, 2010 hearing.  At the hearing,

the Court attempted unsuccessfully to contact Catch the Bus via telephone at three different

telephone numbers -- two of which Two Old Hippies's counsel used to communicate with the

Defendants and one from a listing for Catch the Bus from its website -- all of which were no longer

in service.  Two Old Hippies conceded at the hearing that the Court could not strike the filings of

Gary Mack and Fallon Mack (together "Individual Defendants").

-2-

## LAW REGARDING PRO SE BUSINESS LEGAL ENTITIES

In the District of New Mexico, "[a] corporation or a partnership must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. Local rule 83.8(c) provides:

> When the party is a corporation or partnership, the attorney must give notice in the motion to withdraw that a corporation or partnership can appear only with an attorney. Absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8(c).[1] Local rule 83.8(c) applies to limited liability companies, like Catch the Bus. See Roscoe v. United States, 134 F. App'x 226, 228 (10th Cir. 2005)(affirming an order from a "magistrate judge prohibit[ing] the LLC from proceeding without counsel"); Harrison v. Wahatoyas, LLC, 253 F.3d at 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing

---

[1] The Court has recently proposed amendments to D.N.M. LR-Civ 83.8(c). A "redline" version of the proposed revisions to the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico is currently available on the Court's website at http://www.nmcourt.fed.us/web/DCDOCS/files/PublicCommentBinder.pdf. The proposed revisions were posted for public comment on October 22, 2010. The period for public comment closed November 24, 2010. The Court will now consider the comments and further revisions, as necessary. The proposed version of D.N.M. LR-Civ 83.8(b) states:

> **Party is Corporation, Partnership or Business Entity Other Than a Natural Person.** A motion to withdraw from representation of a corporation, partnership or business entity other than a natural person must include a notice that the corporation, partnership or business entity can appear only with an attorney. Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity may be stricken and default judgment or other sanctions imposed.

This language tracks the United States Court of Appeals for the Tenth Circuit's decision in Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001)("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

pro se."). "[B]usiness forms like corporations and limited liability companies generally protect individuals from personal liability unless the individual officer, director, shareholder or limited liability member actively participated in the wrongful acts, or cause otherwise exists to pierce the corporate veil." In re Bruton, No. 7-09-13458 JA, No. 09-1187 J, 2010 WL 2737201, at *5 (Bkrtcy. D.N.M. July 12, 2010). While there are differences between a corporation -- which is largely defined by its ability to issue shares and the rights of shareholder, see Business Corporation Act, N.M.S.A. 1978, §§ 53-11-1 to 53-18-12 -- and a limited liability company -- which "may conduct or promote any lawful business or purpose," N.M.S.A. 1978, § 53-19-6, under New Mexico substantive law, "there is no basis for distinguishing a limited liability company from a corporation on the question of a pro se appearance by someone who is not a licensed attorney." Martinez v. Roscoe, 131 N.M. 137, 139, 33 P.3d 887, 889 (Ct. App. 2001)(citation and internal quotation marks omitted). Both corporations and limited liability companies are profit seeking ventures. See N.M.S.A. 1978, § 53-11-2A ("[C]orporation" or "domestic corporation" means a corporation for profit subject to the provisions of the Business Corporation Act . . . ."); N.M.S.A. 1978, § 53-19-6 ("A limited liability company may conduct or promote any lawful business or purpose."). Both corporations and limited liability companies are distinct legal entities from their officers and agents, who are generally not personally liable for the business' activities. Compare Bourgeous v. Horizon Healthcare Corp., 117 N.M. 434, 437, 872 P.2d 852, 855 (1994)(finding no personal liability when "claims against the individual defendants were solely claims based on actions taken within the scope of their employment"), with N.M.S.A. 1978, § 53-19-13 ("Except as otherwise provided in the Limited Liability Company Act, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of

-4-

the limited liability company.").

According to the United States Court of Appeals for the Tenth Circuit, "local rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.'" Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)(quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964), cert. denied, 450 U.S. 918 (1981)). "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986). "[C]onsiderable deference is accorded to the [court's] interpretation and application of [its] own rules of practice and procedure." Bylin v. Billings, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009)(quoting Smith v. Ford Motor Co., 626 F.2d at 796)(alterations in original).

In addition to being a District of New Mexico Local Rule, it has also been a long standing legal principle that a corporation must be represented by an attorney to appear in federal court.  See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-03 (1993)("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co., 39 U.S. (14 Pet.) 60, 65 (1840)("[A] corporation cannot appear but by attorney . . . ."); Osborn v. Bank of the U.S., 22 U.S. (9 Wheat.) 738, 830 (1824)("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006)("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); DeVillers v. Atlas Corp., 360 F.2d 292, 294 (10th Cir. 1966)("[A] corporation can appear in a court of record only by an attorney at law."); Flora Constr. Co. v. Fireman's Fund Ins.

-5-

Co., 307 F.2d 413, 414 (10th Cir. 1962)("The rule is well established that a corporation can appear

in a court of record only by an attorney at law."); Turner v. American Bar Assn., 407 F. Supp. 451,

476 (N.D. Tex. 1975)(citing the "long line of cases" from 1824 to the present holding that a

corporation may only be represented by licensed counsel).

The United States Court of Appeals for the Seventh Circuit specifically addressed limited

liability companies in United States v. Hagerman, 545 F.3d 579 (7th Cir. 2008).  The Seventh

Circuit held that limited liability companies cannot litigate unrepresented, because it is a separate

legal entity from its members, and because the underlying policy for requiring corporations and

partnerships to appear with counsel apply to limited liability companies:

> We have not had occasion to rule on whether, like a corporation, an LLC can
> litigate only if represented by a lawyer.  We can find only one appellate decision
> directly on point: Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007) (per curiam),
> held that an LLC can sue only if represented by a lawyer, even if as in that case (and
> possibly in this one, though when Wabash was created eight years ago it had two
> other members) the LLC has only one member.  The same result, as noted in
> Lattanzio, has been reached in cases involving one-man corporations, not only our
> Scandia Down,[ 772 F.2d 1423, 1427 (7th Cir. 1985),] case but also United States
> v. High Country Broadcasting Co., 3 F.3d 1244 (9th Cir. 1993) (per curiam);
> National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748
> F.2d 602, 609-10 (11th Cir. 1984), and Capital Group, Inc. v. Gaston & Snow, 768
> F. Supp. 264 (E.D. Wis.1991).  A sole proprietorship may litigate pro se, RZS
> Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.4 (4th Cir. 2007);
> Lattanzio v. COMTA, supra, 481 F.3d at 140; Lowery v. Hoffman, 188 F.R.D. 651,
> 653-54 (M.D. Ala. 1999), because it has no legal identity separate from the
> proprietor himself.  But a partnership may not, Lattanzio v. COMTA, supra, 481 F.3d
> at 139-40; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1309-10 (2d Cir.
> 1991); New Hampshire v. Settle, 129 N.H. 171, 523 A.2d 124, 129 (N.H. 1987);
> First Amendment Foundation v. Village of Brookfield, 575 F. Supp. 1207 (N.D. Ill.
> 1983); contra, United States v. Reeves, 431 F.2d 1187 (9th Cir. 1970) (pungently
> criticized in the Settle case); and as we said, an LLC is a cross between a corporation
> and a partnership.

> An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil
> case in federal court because he might be unable to afford a lawyer, or a lawyer's fee
> might be too high relative to the stakes in the case to make litigation worthwhile

-6-

other than on a pro se basis.  Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992) ("most litigants who sue without a lawyer do so because they cannot afford one"); DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1264 (7th Cir. 1989) (concurring opinion) ("there will always be cases where the stakes are so low, the plaintiff so reprehensible, or the cause so unpopular that . . . the case will proceed without the participation of counsel").  There are many small corporations and corporation substitutes such as limited liability companies.  But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity.  Pro se litigation is a burden on the judiciary, e.g., Lattanzio v. COMTA, supra, 481 F.3d at 139; Capital Group, Inc. v. Gaston & Snow, supra, 768 F. Supp. at 265, and the burden is not to be borne when the litigant has chosen to do business in entity form.  He must take the burdens with the benefits.  Lattanzio v. COMTA, supra, 481 F.3d at 140.  From that standpoint there is no difference between a corporation and a limited liability company, or indeed between either and a partnership, which although it does not provide its owners with limited liability confers other privileges, relating primarily to ease of formation and dissolution.  That is why the privilege of pro se representation is, as we noted, denied to partnerships too.

545 F.3d at 581-82.

Courts interpret 28 U.S.C. § 1654 not to allow corporations to proceed pro se.  See Rowland v. Cal. Men's Colony, 506 U.S. at 202 ("Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." (citations and footnote omitted)).[2]  Section

---

[2] In Rowland v. California Men's Colony, the Supreme Court addressed the question whether an inmate association may qualify for treatment in forma pauperis under 28 U.S.C. § 1915(a).  In a five-four decision, with Justices Thomas, Blackmun, Stevens, and Kennedy dissenting, the Supreme Court held that only a natural person may qualify for treatment in forma pauperis under § 1915.  The Supreme Court reasoned that Congress' use of permissive language in § 1915(d), which provides that "[t]he court may request an attorney to represent any such person unable to employ counsel," suggests that Congress assumed courts may not request counsel in many cases.  506 U.S. at 201 (quoting 28 U.S.C. § 1915(d))(emphasis original).  The Supreme Court further reasoned:

Underlying this congressional assumption are probably two others: that the "person" in question enjoys the legal capacity to appear before a court for the purpose of

1654 of Title 28 states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  This language derives from section 35 of the Judiciary Act of 1789, which stated "[t]hat in all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law as by the rules of the said courts respectively shall be permitted to manage and conduct causes therein."  1 Stat. 73, 92 (1789).  While the language does not expressly except corporations or anyone from appearing "personally," some courts reason that, "[c]orporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally."  Turner v. Am. Bar Assn., 407 F. Supp. at 476.  See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1309 (2d Cir. 1991)(quoting Turner v. American Bar Association in support of denying a partner's ability to represent a partnership, in part because the partner's "interests may be incongruous with [other] partners").

The "few aberrant cases" that have found exceptions to 28 U.S.C. § 1654 are from the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Eastern District of New York.  Rowland v. Cal. Men's Colony, 506 U.S. at 202 & n.5.  The Supreme Court

---

seeking such benefits as appointment of counsel without being represented by professional counsel beforehand, and likewise enjoys the capacity to litigate without counsel if the court chooses to provide none, in the exercise of the discretion apparently conferred by the permissive language.

506 U.S. at 201.  The Supreme Court asserted Congress was unlikely to assume "an artificial entity like an association" could proceed pro se, stating, in dicta, that "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.'"  506 U.S. at 201-02.
.

stated:

> Two federal cases cited by respondent are the only two, of which we are aware, to hold that artificial entities may be represented by persons who are not licensed attorneys: United States v. Reeves, 431 F.2d 1187 (CA9 1970) (per curiam) (partner can appear on behalf of a partnership), and In re Holliday's Tax Services, Inc., 417 F. Supp. 182 (EDNY 1976) (sole shareholder can appear for a closely held corporation), affirmance order sub nom. Holliday's Tax Services, Inc. v. Hauptman, 614 F.2d 1287 (Table) (CA2 1979).  These cases neither follow federal precedent, nor have themselves been followed.  See, e.g., Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1309-1310 (CA2 1991) (criticizing and refusing to follow Reeves); Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22, n. 3 (CA2 1983) (distinguishing and narrowing Holliday's Tax Services).

Rowland v. Cal. Men's Colony, 506 U.S. at 202 n.5.

In United States v. Reeves, in a per curiam opinion, the Ninth Circuit reversed a district court's ruling that a partner could not represent a partnership.  The Ninth Circuit reasoned that, unlike a corporation, under the applicable state law, "each partner has a specific right in partnership property," and that a partner pleading the interest of the partnership "was pleading his own case." 431 F.2d at 1188.  The Ninth Circuit concluded, therefore, that a party is a "personal party" within the meaning of 28 U.S.C. § 1654:

> Under 28 U.S.C. § 1654, in all courts of the United States, the parties may plead and conduct their own cases personally or by counsel "* * * as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

> We do not believe the quoted words give a district court the right to forbid a personal party, as distinguished from a corporation, from pleading and conducting his own case.  Those words do authorize a local district court to prescribe reasonable rules governing such appearances, which rules, we think, may not operate to withdraw the right affirmatively conferred by section 1654.  The order striking [the partner's] pleading is not based upon the violation of any local rule called to our attention.

431 F.2d at 1188-89 (alterations in original).

In Matter of Holliday's Tax Services, Inc., the Honorable Jack Weinstein, United States

District Court Judge for the Eastern District of New York, held, based on the court's "inherent power to supervise proper administration of justice," that it had authority to "[m]odify the absolute rule of corporate representation in bankruptcy cases" to allow the sole shareholder of a corporation to appear pro se on the corporation's behalf in a bankruptcy proceeding where the neither the corporation nor the shareholder could afford an attorney.  417 F. Supp. at 183.  Judge Weinstein recognized that "[a] virtually unbroken line of state and federal cases has approved the rule that a corporation can appear in court only by an attorney," because "[a] corporation is an artificial entity which can act only through agents," and "[c]ourts require that a special form of agent, an attorney, appear for corporations in litigation for the 'protection of the courts and the administration of justice.'"  417 F. Supp. at 183 (quoting Mercu-Ray Indus., Inc. v. Bristol-Myers Co., 392 F. Supp. 16, 19 (S.D.N.Y. 1974), aff'd, 508 F.2d 837 (2d Cir. 1974).  Nonetheless, he rejected application of the rule to small, closely-held corporations in bankruptcy:

> A person's day in court is, however, more important than the convenience of the judges.  We recognize this hierarchy of values when we guarantee by statute (28 U.S.C. § 1654) and Constitution (Faretta v. California, 422 U.S. 806 . . . (1975)) the right of real persons to appear pro se.  To require this corporation to appear by a lawyer is effectively to exclude it and its sole shareholder from the courts.

> Were counsel freely available to lower and middle income persons in civil cases, the traditional rule requiring corporations, whether large or small, to appear by a lawyer would work no hardship. But the lack of a guarantee of counsel to persons of modest means like Mr. Holliday remains one of the scandals of our judicial system.

> Since Mr. Holliday "chose to accept the advantages of incorporation," such as limited liability, it would be neither shocking nor a violation of due process to require him to now "bear the burden of that incorporation," such as increased costs of court appearances. Mercu-Ray Industries, Inc. v. Bristol-Myers Company, 392 F. Supp. 16, 20 (S.D.N.Y.), aff'd, 508 F.2d 837 (2d Cir. 1974).  We need not now consider whether the rule requiring corporate representation by counsel violates the Constitution.  Oliner v. Mid-Town Promoters, Inc., 138 N.E.2d 217 (1956).  Nor need we consider any possible antitrust argument for declaring the required-counsel

rule invalid. Cf. Goldfarb v. Virginia State Bar, 421 U.S. 773 . . . (1975).

> Modifying the absolute rule of corporate representation in bankruptcy cases, rather, rests on the inherent power of a court to supervise the proper administration of justice.  The traditional rule is unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely-held corporations.  They are set up by the thousands. Many, such as the one before us, are in the name of the person doing business.  In these instances, incorporation is merely a technicality, facilitating competitive economic activity by individuals.  Failure of the "corporation" is, for all practical purposes, the failure of the individual entrepreneur.  Accordingly, relief available in the bankruptcy court should be cut off only for the most pressing reasons.

417 F. Supp. at 183-84.  After considering the arguments against allowing small corporations to proceed pro se -- the need to treat large and small corporations alike, that small corporations might be encouraged to bring frivolous suits -- Judge Weinstein reasoned that providing a small corporation with its day in court outweighed competing considerations:

> It appears when we ask ourselves this question:  Suppose a corporation were too impoverished to employ a lawyer to defend it, or suppose it had a large claim it believed to be just but could find no lawyer who would take the case, believing it to be hopeless, should the corporation be denied its day in Court?

417 F. Supp. at 184.

If the Court were writing on a clean slate, the Court might be inclined to find that there is a tension between the plain language of 28 U.S.C. § 1654 -- "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." -- and the case law requiring corporations, partnerships, and other entities to have counsel in federal court.  Despite good policy arguments for requiring counsel, Judge Weinstein points out good arguments for not requiring counsel, at least in certain circumstances.  Congress, however, has made that policy decision, and its language suggests that it did not make the blanket rule that federal courts have embraced.

-11-

Nevertheless, the Court is not writing on a clean slate.  The Supreme Court has held corporations must be represented by counsel.  See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. at 201-03 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co., 39 U.S. at 65 ("[A] corporation cannot appear but by attorney . . . ."); Osborn v. Bank of the U.S., 22 U.S. at 830 ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself.").  The Tenth Circuit has expanded the rule to "business entit[ies]."  Harrison v. Wahatoyas, LLC, 253 F.3d at 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").  See Roscoe v. United States, 134 F. App'x at 228 ("[A]ppellants contend that the LLC can proceed pro se in this appeal.  But it cannot. . . .  '[A] corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.'" (quoting Rowland v. Cal. Men's Colony, 506 U.S. at 201-02)).  Thus, the Court is bound not to allow any "business entity" to proceed without an attorney.

Given the arguable tension between the plain language of the statutes and the case law, the Court would be inclined, on a clean slate, not to extend the prohibition against unrepresented corporations further than that entity, and to limit the rule to what the case law requires.  On a clean slate, the Court might be inclined to distinguish limited liability companies from corporations. Federal courts do not, for example, find limited liability companies to be comparable to corporations for the purposes of establishing diversity under 28 U.S.C.A. § 1332.  In Wise v. Wachovia Securities, LLC, 450 F.3d 265 (7th Cir. 2006)(Posner, J.), the Seventh Circuit stated:

> Because the overriding goal in crafting a jurisdictional rule is simplicity, <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196 . . . (1988), the courts have held that all corporations are to be treated alike for diversity purposes: all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business.  <u>Hoagland ex rel. Midwest Transit, Inc. v. Sandberg</u>, 385 F.3d 737, 738-39 (7th Cir. 2004); <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1183 (9th Cir. 2004); <u>Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.</u>, 710 F.2d 87, 89 (2d Cir. 1983). . . .  The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members. <u>Commonwealth Ins. Co. v. Titan Tire Corp.</u>, 398 F.3d 879, 881 n.1 (7th Cir. 2004); <u>Belleville Catering Co. v. Champaign Market Place, L.L.C.</u>, 350 F.3d 691, 692 (7th Cir. 2003); <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004); <u>Handelsman v. Bedford Village Associates Limited Partnership</u>, 213 F.3d 48, 51-52 (2d Cir.2000); <u>see also</u> <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 192-96, 110 S. Ct. 1015, 108 L.Ed.2d 157 (1990).

450 F.3d at 267 . <u>See</u> <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990)("The resolutions we have reached [for business entities] can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization. But, as must be evident from our earlier discussion, that has been the character of our jurisprudence in this field . . . ."); <u>Zufelt v. Isuzu Motors Am., LCC</u>, 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009)(Browning, J.)("A limited liability company is a citizen of every state of citizenship of any of its members." (citing <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990)).  The Tenth Circuit, however, has gone farther and said that "business entit[ies]" -- including limited liability companies -- and not just corporations, may not appear without counsel.  <u>Harrison v. Wahatoyas, LLC</u>, 253 F.3d at 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").  <u>See</u> <u>Roscoe v. United States</u>, 134 F. App'x at 228 ("[A]ppellants contend that the LLC can proceed pro se in this appeal. But it cannot. . . .  '[A] corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all

artificial entities.'" (quoting <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. at 201-02)).

Federal courts possess inherent powers necessary "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)(quoting <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962))(internal quotation marks omitted). Among those inherent powers is "the ability to fashion an appropriate sanction." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. at 44. <u>See</u> <u>Smith v. Nw. Fin. Acceptance, Inc.</u>, 129 F.3d 1408, 1419 (10th Cir. 1997)("A federal court possesses the authority to impose . . . sanctions [as part of] its inherent power to control and supervise its own proceedings.")(internal quotations omitted). Default judgment is a proper sanction when a party corporation fails to be represented by an attorney in federal court. <u>See</u> <u>Employee Painters' Trust v. Ethan Enter.</u>, 480 F.3d 993, 998 (9th Cir. 2007); <u>United States v. High Country Bd. Co., Inc.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993).

## ANALYSIS

The Court grants Two Old Hippies' Motion, on the condition that Catch the Bus will have ten days from the filing of this order to obtain counsel. Catch the Bus, since its counsel of record withdrew on August 19, 2010, <u>see</u> Order Allowing Withdrawal of Counsel at 1, has been in violation of the Court's rules. After carefully considering all the possible sanctions, the Court concludes that default on liability is the appropriate remedy.

Since the Court allowed Catch the Bus' counsel to withdraw, there has been no "entry of appearance by a new attorney." Thus, under local rule 83.8(c), the Court may now strike Catch the Bus' filing and enter default judgment against Catch the Bus as to liability.[3] Catch the Bus filed a

---

[3] Catch the Bus made its filings jointly with the Individual Defendants. Because local rule 83.8(c) applies to corporations and not individual defendants, the Court strikes the Defendants' filings with respect to Catch the Bus only.

jury demand, but this jury demand does not survive the entry of default.  In an opinion in a prior, separate case, the Court discussed a party's ability to "unilaterally withdraw his jury demand solely for the purpose of conducting an evidentiary hearing to assess damages."  Mitchell v. Bd. of County Comm'rs, No. CIV 05-1155, 2007 WL 2219420, at *12 (D.N.M. May 9, 2007)(Browning, J.).  "The Court notes that many cases . . . have held 'that the protection of Rule 38(d) is extended to the defendant after the entry of default . . . when Rule 55(b)(2) requires a determination of damages . . . .'"  Mitchell v. Bd. of County Comm'rs, 2007 WL 2219420, at *12 (quoting Kormes v. Weis, Voisin & Co., 61 F.R.D. 608, 610 (E.D. Pa. 1974)(holding that a plaintiff's jury demand associated with the damages hearing could not be unilaterally withdrawn in a case where the defendant made an appearance (citing Bass v. Hoagland, 172 F.2d 205 (5th Cir. 1949)("There was appearance and pleading as the summons required, and a demand for jury trial by the plaintiff which operated as a demand by the defendant also unless withdrawn by his consent, which was not given.")(other citations omitted)).[4]  In Hutton v. Fisher, 359 F.2d 913 (3d Cir. 1966), the Third Circuit stated:

> While the provisions of Rules 38 and 39, Federal Rules of Civil Procedure, concerning notice and consent in connection with requests for and waivers of jury trial are not expressly made applicable to default situations in which the issue of damages must be tried, we think the requirements of notice and consent stated in those rules should in fairness and logic be applied to cases of the present type.  For even one who fails to contest liability on an unliquidated claim has a vital interest in the subsequent determination of damages and is entitled to be heard on that matter.

Hutton v. Fisher, 359 F.2d at 916.  Cf. 5 J. Moore & J. Lucas Moore's Federal Practice ¶ 38.19[3] (2d ed. 1988)(stating that "[i]t is not true . . . that because plaintiff demands a jury, which he cannot

---

[4] The Court notes that no substantive changes have been made to rules 38(d) or 55(b), other that the 2009 amendment to rule 55(b)(2), which extended the notice requirement from three to seven days.  See Fed. R. Civ. P. 55 advisory committee notes to the 2009 amendments.

withdraw to the defendant's prejudice, that the court is bound to have the damages assessed by a jury," but conceding, however, that particular circumstances may impel a judge in the exercise of a sound discretion to grant a jury trial even though there is no constitutional nor statutory right thereto). The Court held that rule 38(d)'s plain language requires that the party against whom default is entered must give his or her consent to allow the other party to withdraw a jury demand. See Mitchell v. Bd. of County Comm'rs, 2007 WL 2219420, at *13. In this case, however, Two Old Hippies did not enter a jury demand, so the Court does not face a situation where a party seeks to unilaterally withdraw its jury demand to avoid a jury trial. Only the Defendants filed a jury demand, and, for Catch the Bus, that jury demand does not survive default judgment.

Rule 55(b) states that, after entering default judgment, "[t]he court may conduct hearings or make referrals -- preserving any federal statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ." In Henry v. Sneiders, 490 F.2d 315 (9th Cir. 1974), cert. denied, 419 U.S. 832 (1974), the Ninth Circuit rejected a defendant/appellant's claim that her jury demand survived default judgment:

> Was appellant entitled to a jury trial on the issue of damages? After entering default judgment on the issue of liability, the district court held a hearing to determine the amount of damages. Although appellant had asked for a jury on that issue, the court denied the request and proceeded without a jury.

> Fed. R. Civ. P. 55(b)(2) authorizes a district court to hold an evidentiary hearing following a default judgment to determine damages. The Rule preserves the right of trial by jury 'when and as required by any statute of the United States.' Appellant cites no 'statute of the United States' requiring a jury trial under these circumstances. Nor is this court aware of any such statute. Therefore, the Rule does not itself require a jury trial on the issue of damages.

> Nor does the appellant have a constitutional right to a jury trial under these circumstances, since the Seventh Amendment right to trial by jury does not survive a default judgment. Brown v. Ban Braam, 3 U.S. 344 . . . (1797); Midland Contracting Co. v. Toledo Foundry and Machine Co., 154 F. 797 (7th Cir. 1907);

> Johnson v. Bridgeport Deoxidized Bronze and Metal Co., 125 F. 631 (C.C.D. Conn. 1903); Raymond v. Danbury & N. R. Co., 20 Fed. Cas. No. 11,593, p. 332 (C.C.D. Conn. 1877); Gill v. Stolow, 18 F.R.D. 508 (S.D.N.Y. 1955), rev'd on other grounds, 240 F.2d 669 (2d Cir. 1957); 6 Moore's Federal Practice P 55.07.

490 F.2d at 318 (footnote omitted).  More recently, in Adriana Intern. Corp. v. Thoeren, 913 F.2d

1406 (9th Cir. 1990), cert. denied 498 U.S. 1109 (1991), the Ninth Circuit stated:

> Adriana contends it was entitled to a jury trial on the issue of damages.  However, after a default judgment has been entered under Fed. R. Civ. P. 37(b)(2), a party has no right to jury trial under either Fed. R. Civ. P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment.  Henry v. Sneiders, 490 F.2d 315, 318 (9th Cir.), cert. denied, 419 U.S. 832 . . . (1974).

913 F.2d at 1414.

In Sells v. Berry, 24 F. App'x 568 (7th Cir. 2001), the Seventh Circuit also rejected a

plaintiff's contention that his jury demand survived the entry of default judgment:

> Finally, Mr. Berry argues that he was denied his right to a jury trial.  But given the entry of default, Mr. Berry had no right to a jury trial on either liability, see Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir. 1949); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed.1998), or damages, see Dierschke v. O'Cheskey, 975 F.2d 181, 185 (5th Cir. 1992); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990); Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed. 1998).  Contrary to Mr. Berry's suggestion that 28 U.S.C. § 1861 grants all litigants the right to a jury trial, that statute merely guarantees a fair cross-section of jurors for litigants already entitled to trial by jury. In the case of a default, only 28 U.S.C. § 1874 may guarantee a right to a jury trial, and that statute applies only to "actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty."  See Fed.R.Civ.P. 55(b)(2) (if a hearing is required before entry of a default judgment, court "shall accord a right of trial by jury to the parties when and as is required by any statute of the United States"); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed.1998) (for purposes of Rule 55(b)(2), the "only relevant statute" is § 1874).

24 F. App'x at 572.  See Graham v. Malone Freight Lines, Inc., 201 F.3d 427, at *7 (1st Cir.

1999)("Neither the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial

to assess damages after entry of default in these circumstances." (citing Fed. R. Civ. P. 55(b)(2);

Eisler v. Stritzler, 535 F.2d 148, 154 (1st Cir. 1976))); Dierschke v. O'Cheskey, 975 F.2d 181, 185

(5th Cir. 1992)("It is also 'clear . . . that in a default case neither the plaintiff nor the defendant has

a constitutional right to a jury trial on the issue of damages.'" (quoting 5 J. Moore & J. Lucas,

Moore's Federal Practice § 38.19[3] (1992)); Heisen v. Pacific Coast Bldg. Products, Inc., 26 F.3d

130, at *2 (9th Cir. 1994)("Finally, Heisen argues . . . that he was deprived of his right to a jury trial

on the issue of damages. Th[is] arguments fail[s]. Heisen . . . had no right to a jury trial on the issue

of damages." (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d at 1414. Cf. In re Calvert, 105 F.3d

315, 322 (6th Cir. 1997)("A defendant contemplating bankruptcy may permit a default judgment to

be entered to avoid a jury determination of fraud damages . . . .").[5]

---

[5] Moreover, even if Two Old Hippies had entered a jury demand that was still in effect after the Court's entry of default judgment, if a complaint alleges facts that, taken as true, establish damages in a sum certain such that no question of fact exists for the jury, then a Court may award damages without a jury trial, notwithstanding a jury demand. After entering default judgment, the Court takes all of the well-pleaded facts in a complaint as true. See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (citations omitted)). "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." United States v. Craighead, 176 F. App'x at 925 (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 1998))(alteration in original). See also Fed. R. Civ. P. 8(d)("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). A court may enter a default judgment for a damage award without a hearing if the amount claimed is "one capable of mathematical calculation." Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007)(Browning, J.)(quoting H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983))). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A C. Wright, A. Miller & M. Kane, supra, § 2688 (quoting Pope v. United States, 323 U.S. 1, 12 (1944)). "If the damages sum is not certain

**IT IS ORDERED** that, if new counsel does not enter an appearance on behalf of Defendant Catch the Bus, LLC, within ten days of entry of this order: (i) Catch the Bus' pleadings shall be stricken; and (ii) default judgment will be entered on liability against Catch the Bus on all of Plaintiff Two Old Hippies' remaining claims.


_____
UNITED STATES DISTRICT JUDGE

---

or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary.  Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v. Atlantic Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)).  See Fed. R. Civ. P. 55(b)(2)(B)("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

   In the absence of genuine issues of fact material to a plaintiff's damages showing, a court may appropriately address damages through summary judgment, including in cases where facts have been determined by the entry of default judgment.  See, e.g., Trustees of Const. Indus. and Laborers Health and Welfare Trust v. Hartford Fire Ins. Co., 578 F.3d 1126, 1127, 1130 (9th Cir. 2009)(affirming in part district court's award of damages in summary judgment based on default judgment); J.R. Simplot v. Chevron Pipeline Co., 563 F.3d 1102, 1117 (10th Cir. 2009)(recognizing that summary judgment on any and all aspects of a party's claim, including damages, is proper if there are no genuine issues of material fact); Mid-Continent Cas. Co. v. JHP Dev., 557 F.3d 207, 211, 218 (5th Cir. 2009)(affirming district court's granting summary judgment awarding damages based on finding "default judgment in the underlying suit was binding" on the plaintiff); Ruiz v. Blentech Corp., 89 F.3d 320, 323 (7th Cir. 1996)("When a party moves for a default judgment, presents substantial evidence supporting its request for damages and encounters no meaningful opposition, the district court's decision to grant the motion includes an implicit assessment of the damages in the requested amount.").  Cf. Olcott v. Delaware Flood Co., 327 F.3d 1115, 1119 n.4 (10th Cir. 2003)(discussing that entry of summary judgment was appropriate after entry of default under rule 55(a), because "the court had not yet entered judgment by default pursuant to Fed.R.Civ.P. 55(b)").  Nothing in the rules of procedure concerning summary judgment or default judgment requires the court to treat damages differently than other issues or mandates a trial where there is no genuine issue of material fact.  See Applied Capital, Inc. v. Gibson, 558 F. Supp. at 1202-03.

*Parties and counsel:*

Rebecca L. Avitia
Thomas P Gulley
Bannerman & Johnson, PA
Albuquerque, New Mexico

      *Attorneys for Two Old Hippies, LLC*

Catch the Bus, LLC
Alamogordo, New Mexico

      *Defendant pro se*

Gary Mack
Alamogordo, New Mexico

      *Defendant pro se*

Fallon Mack
Alamogordo, New Mexico

      *Defendant pro se*