IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TWO OLD HIPPIES, LLC,

        Plaintiff,

vs.                                                                                      No. CIV 10-0459 JB/RLP

CATCH THE BUS, LLC, GARY MACK
and FALLON MACK,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Summary

Judgment to Set the Amount of Damages and Memorandum in Support, filed June 1, 2011 (Doc.

56)("Summary Judgment Motion"); (ii) the Plaintiff's Motion to Grant its Summary Judgment

Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages

Amount and Attorneys' Fees to the Judgment, filed June 30, 2011 (Doc. 59)("Motion for Attorneys'

Fees"); and (iii) the Plaintiff's Amended Motion to Grant its Summary Judgment Motion and to

Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and

Attorneys' Fees to the 'Judgment, amending its Motion for Damages and Attorneys' Fees to request

treble damages, filed July 27, 2011 (Doc. 68)("Amended Motion for Damages and Attorneys'

Fees").  The primary issue is whether the Court should award Plaintiff Two Old Hippies, LLC,

$416,184.42 in trebled damages, and $24,427.90 in attorneys' fees and costs.  The Court grants the

motions in part and denies them in part.  The Court reduces the advertising fees from the requested

compensatory award, because Two Old Hippies received the benefit of its advertising.  The Court

awards Two Old Hippies $116,818.14 in compensatory damages.  Because Two Old Hippies has

not set forth allegation or evidence supporting its request for treble damages, the Court will not award Two Old Hippies treble damages at this time.   Because the affidavit Two Old Hippies submitted in support of its attorneys' fees request did not separate out the fees and costs for the work performed on Two Old Hippies' unsuccessful claims, the Court requires that Two Old Hippies submit more detailed billing information so that the Court may properly assess Two Old Hippies' Attorneys' fees and costs.   The Court will hold a hearing to determine whether Two Old Hippies is entitled to statutory damages and the amount of Two Old Hippies' reasonable attorneys' fees.

## FACTUAL BACKGROUND

The Court previously entered its Default Judgment Against Defendant Catch the Bus, LLC, filed March 11, 2011 (Doc. 51)("Default Judgment").   Consequently, the Court takes as true the allegations in Two Old Hippies' Complaint for Breach of Contract, Breach of Warranty, Violation of the New Mexico Dealers Franchising Act, Violation of the New Mexico Unfair Practices Act, Violation of the Colorado Consumer Protection Act, Negligent Misrepresentation, and Rescission. See Doc. 1 ("Complaint").

Moreover, Catch the Bus did not respond to Two Old Hippies' Summary Judgment Motion. Because Catch the Bus failed to file a written opposition to the motion for summary judgment, it could be deemed to have consented to the granting of the Summary Judgment Motion.   See D.N.M.LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days after service of the motion."). Furthermore, because Catch the Bus has not filed a timely written response contesting any of the paragraphs in Two Old Hippies' statement of the undisputed facts, the Court can take the facts as Two Old Hippies has stated them.   D.N.M.LR-Civ. 56.1(b) states in relevant part:

> A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist.  Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed.  All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.

D.N.M.LR-Civ. 56.1(b).  Because Catch the Bus has not "specifically controverted" any of Two Old Hippies' stated facts, the Court may deem them admitted.  Nevertheless, because the United States Court of Appeals for the Tenth Circuit has encouraged district courts to decide motions for summary judgment on the merits, see Woods v. Roberts, No. 94-3159, 1995 WL 65457, at *2 (10th Cir. 1995)("[T]his circuit has expressed concern that pro se litigants not have their suits dismissed on summary judgment merely because they have failed to comply with the technical requirements involved in defending such a motion."  (citing Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991))); Hancock v. Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988); Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985)("The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits."  (quoting Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984)), and because Catch the Bus is proceeding pro se, the Court will consider Two Old Hippies' Summary Judgment Motion on the merits rather than defaulting Catch the Bus for procedural violations.  In the end, however, Catch the Bus has not contested any of Two Old Hippies' factual assertions and there is nothing in the record before the Court that suggests -- with the exception of some minor details -- that Two Old Hippies' factual assertions are not sound or that they lack factual support.  As such, the issues are not in material dispute and what remains for decision is whether Two Old Hippies is entitled to judgment as a matter of law.

In July 2009, Two Old Hippies purchased a restored Volkswagen Bus from Catch the Bus for $41,424.00 ("Bus #1").  Complaint ¶ 9, at 2 ("In July 2009, TOH contracted to purchase a restored VW bus from CTB for $ 41,424 . . . .").  See Bus #1 Invoice at 2, filed June 23, 2010 (Doc. 8-1)(estimating a price of $41,424.00 for Bus #1).[1]  In October 2009, Two Old Hippies purchased a second restored Volkswagen bus from Catch the Bus for $33,624.00 ("Bus #2").  Complaint ¶ 11, at 2 ("In October 2009, TOH contracted to purchase a second restored VW bus from CTB for $33,624 . . . .").  See Bus #2 Invoice at 2, filed June 23, 2010 (Doc. 8-2)(estimating a price of $33,624.00 for Bus #2).[2]  The sum of the purchase price of Bus #1 and Bus #2 totals $75,048.00.  See Complaint ¶ 12, at 2 (alleging this fact).  Catch the Bus guaranteed Two Old Hippies one-hundred percent satisfaction with the buses and that the buses would be "ready to go" on delivery "whether for daily driver or for cross-country trips."  Complaint ¶¶ 13, 14 at 2.

---

[1] The Summary Judgment Motion and Thomas W. Bedell's affidavit state that the purchase price of Bus #1 was $42,645.60.  See Bedell Aff. ¶ 5, at 1; Summary Judgment Motion ¶ 1, at 1.  The verified Complaint, which Bedell attested, however, states that the purchase price of Bus #1 was $41,424.00.  See Complaint ¶ 9, at 2.  See also Bus #1 Invoice at 2 (estimating a price of $41,424.00 for Bus #1).  Because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party, see Hunt v. Cromartie, 526 U.S. 541, 551 (1999), the Court takes the lesser amount of $41,424.00 from the verified Complaint to be the correct figure.

[2] The verified Complaint states that the purchase price of Bus #2 was $33,624.00.  See Complaint ¶ 11, at 2.  See Bus #2 Invoice at 2 (estimating a price of $33,624.00 for Bus #2).  The Summary Judgment Motion and Bedell's affidavit, however, state that the purchase price of Bus #2 was $34,646.00.  See Bedell Aff. ¶ 6, at 1; Summary Judgment Motion ¶ 2, at 1.  All the subsequent calculations in the Summary Judgment Motion and the affidavit indicate that the correct purchase price is $34,624.00.  See, e.g., Bedell Aff. ¶ 7, at 1 (stating that the sum of the purchase price for the two buses was $77,269.60; $77,269.60 - $42,645.60 = $34,624.00); Summary Judgment Motion ¶ 3, at 1 (same); Bedell Aff. ¶ 14, at 2 (stating that, after repurchasing Bus #2 from a contest winner for $34,624.00, the total amount paid for Bus #2 was $69,248.00; $69,248.00 - $34,624.00 = $34,624.00); Summary Judgment Motion ¶ 10, at 2 (same).  Because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party, see Hunt v. Cromartie, 526 U.S. at 551, the Court takes the lesser amount of $33,624.00 from the verified Complaint to be the correct figure.

Two Old Hippies planned to use Bus #1 in its business and incurred $2,779.34[3] in design and graphics expense for Bus #1, and give away Bus #2 in a business promotion to an entrant who won Bus #2 in the promotion.  See Bedell Aff. ¶ 8, at 2; Summary Judgment Motion ¶ 4, at 2 (setting forth this fact); Complaint ¶ 17, at 2 (alleging this fact).  Two Old Hippies informed Catch the Bus of the intended uses of the buses before the purchases of the buses.  See Bedell Aff. ¶ 9, at 2; Summary Judgment Motion ¶ 5, at 2 (setting forth this fact); Complaint ¶ 18, at 3 (alleging this fact).  After Catch the Bus delivered Bus #1 to Two Old Hippies, Bus #1 was not safely operable, and Two Old Hippies discovered, upon having mechanics examine Bus #1, that it had many serious mechanical and physical defects.  See Bedell Aff. ¶ 10, at 2; Summary Judgment Motion ¶ 6, at 2 (setting forth this fact); Complaint ¶ 19, at 3 (alleging this fact).  Because of the many serious mechanical and physical defects, Two Old Hippies has never been able to use Bus #1.  See Bedell Aff. ¶ 13, at 2; Summary Judgment Motion ¶ 9, at 2 (setting forth this fact); Complaint ¶ 22, at 3 (alleging this fact).  Because of the many serious mechanical and physical defects, Two Old Hippies has spent more than $3,240.68 in repair and towing costs on Bus #1 to attempt to make it safely operable, but despite the repairs, Bus #1 is not safely operable.  See Bedell Aff. ¶ 17, at 3; Summary Judgment Motion ¶ 13, at 3 (setting forth this fact); Complaint ¶ 26, at 3 (alleging this fact).

After Catch the Bus delivered Bus #2, Two Old Hippies conducted a business promotion to

---

[3] The Summary Judgment Motion and Bedell's affidavit state two slightly different figures for the design and graphics expense for Bus #1.  Compare Bedell Aff. ¶ 8, at 2 ("TOH planned to use Bus #1 in its business and incurred $2,779.37 in design and graphics expense for Bus # 1 . . . ."); Summary Judgment Motion ¶ 4, at 2 (same), with Bedell Aff. ¶ 19(d), at 3 ("TOH has suffered monetary damages at a minimum as follows: . . . Design and graphic expense on Bus #1 $2,779.34 . . . ."); Summary Judgment Motion ¶ 15(d), at 3 (same).  Because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construes all evidence in the light most favorable to the non-moving party, see Hunt v. Cromartie, 526 U.S. at 551, the Court takes the lesser amount of $2,779.34 to be the correct figure.

give away Bus #2 at an advertising expense of $21,910.00 and awarded the bus to its winning entrant, who resided in California.  <u>See</u> Bedell Aff. ¶ 11, at 2; Summary Judgment Motion ¶ 7, at 2 (setting forth this fact); Complaint ¶ 20, at 3 (alleging this fact).  After Catch the Bus delivered Bus #2 to Two Old Hippies's winning entrant, the entrant and subsequently Two Old Hippies determined that Bus #2 was not operable, and had many serious mechanical and physical defects. <u>See</u> Bedell Aff. ¶ 12, at 2; Summary Judgment Motion ¶ 8, at 2 (setting forth this fact); Complaint ¶ 21, at 3 (alleging this fact).  Because of the many serious mechanical and physical defects, Two Old Hippies reacquired Bus #2 from its winning entrant for $33,624.00 cash, making the total amount paid for Bus #2 $67,248.00 and the total for both buses $108,672.00.  <u>See</u> Complaint ¶ 23, at 3 (alleging this fact).  The cost of transporting Bus #2 to the contest winner was $243.00.  <u>See</u> Bedell Aff. ¶ 15, at 2; Summary Judgment Motion ¶ 11, at 2 (setting forth this fact); Complaint ¶ 24, at 3 (alleging this fact).  The cost of transporting Bus #2 back to Two Old Hippies was $1,384.00.  <u>See</u> Bedell Aff. ¶ 15, at 2; Summary Judgment Motion ¶ 11, at 2 (setting forth this fact); Complaint ¶ 25, at 3 (alleging this fact).

Catch the Bus, thus, falsely represented that the buses were of a particular standard, quality or grade -- "willfully misrepresenting the condition of the buses."  Complaint ¶ 49, at 5.  Because Bus #1 is not safely operable and Bus #2 is not operable, and because of the many mechanical and physical defects, the buses have no value.  <u>See</u> Bedell Aff. ¶ 18, at 3; Summary Judgment Motion ¶ 14, at 3 (setting forth this fact).  Two Old Hippies demanded that Catch the Bus refund the purchase price for the buses and pay other related compensation, and, upon payment, that Catch the Bus retrieve the buses from their location.  <u>See</u> Complaint ¶ 29, at 4.  Despite Two Old Hippies' demand, Catch the Bus has refused to refund the purchase price and compensate Two Old Hippies for other related expenses.  <u>See</u> Complaint ¶ 30, at 4.

Two Old Hippies states it has thus suffered monetary damages at a minimum of $135,506.54: (i) purchase price of the two buses and reacquisition of Bus #2 $108,672.00; (ii) repairs and towing for Bus #1 $3,240.68; (iii) transportation expense to and from the contest winner for Bus #2 $1,627.00; (iv) design and graphic expense for Bus #1 $2,779.34; and (v) advertising expense on Bus #2 $21,910.00. See Bedell Aff. ¶ 19, at 3; Summary Judgment Motion ¶ 15, at 3 (setting forth this fact). Catch the Bus paid $2,722.48 toward repairs on Bus #1; after offsetting this amount, Two Old Hippies' asserts total damages of $135,506.54. See Bedell Aff. ¶ 20, at 3; Summary Judgment Motion ¶ 16, at 3 (setting forth this fact). Two Old Hippies contends that it has incurred significant additional monetary damages not itemized herein and that the disposal cost for two buses exceeds any salvage value. See Bedell Aff. ¶ 22, at 3; Summary Judgment Motion ¶ 18, at 3 (setting forth this fact).

Two Old Hippies has incurred attorneys' fees and costs and seeks recovery of those. See Bedell Aff. ¶ 21, at 3; Summary Judgment Motion ¶ 17, at 3 (setting forth this fact). Two Old Hippies attached an affidavit of Thomas P. Gulley, lead counsel, to its Summary Judgment Motion. See Thomas P. Gulley's Affidavit (executed June 1, 2011), filed June 1, 2011 (Doc. 56-2). Mr. Gulley has practiced law for thirty-seven years, the last twenty-four of which he has practiced in New Mexico. See Gulley Aff. ¶ 1, at 1. Mr. Gulley has been the lawyer in charge of this matter since its inception at the firm Bannerman & Johnson, P.A. See Gulley Aff. ¶ 2, at 1. Through the filing of the Summary Judgment Motion, "Bannerman & Johnson has billed its client Two Old Hippies $22,843.00 in attorneys' fees (including $330.00 of paralegal fees) to this matter, plus New Mexico gross receipts tax of $1,584.90 for a total of $24,427.90." Gulley Aff. ¶ 4, at 1. This amount includes Mr. Gulley's time, which he bills at $275.00 per hour, and the time of Rebecca L. Avitia, his associate, which she bills at $195.00 per hour. See Gulley Aff. ¶ 3, at 1. It also includes

$330.00 in paralegal fees, which Bannerman & Johnson bills at $90.00 an hour.  <u>See</u> Gulley Aff. ¶¶ 3-4, at 1.  In the course of representing Two Old Hippies, Mr. Gulley and Ms. Avitia have conferred with Two Old Hippies to get the facts of this case, examined documents, prepared the Complaint, reviewed the court's scheduling order, conferred with opposing counsel, prepared discovery, reviewed responses to discovery, reviewed the motion to dismiss and responded to it, prepared the joint status report, analyzed and researched the law, prepared a motion to strike the pleadings, attended court hearings, prepared a settlement facilitation report, attended a settlement conference, engaged in settlement negations with Catch the Bus, prepared a settlement agreement, prepared the Summary Judgment Motion and supporting affidavit, and engaged in related activities.  <u>See</u> Gulley Aff. ¶ 5, at 2.  Gulley asserts these activities and the time charged for them were reasonable and necessary toward the successful prosecution of this case, and the rates charged were reasonable and in line with customary rates charged by lawyers and paralegals in similar matters in New Mexico. <u>See</u> Gulley Aff. ¶ 6, at 2.

## **PROCEDURAL HISTORY**

On May 13, 2010, Two Old Hippies filed its Complaint.  <u>See</u> Doc. 1.  Two Old Hippies brings this diversity action alleging claims under New Mexico state law for breach of contract, Count I; breach of warranty, Count II; violation of the New Mexico Motor Dealers Franchising Act, N.M.S.A. 1978, §§ 57-16-1 through 57-16-16, Count III; violation of the New Mexico Unfair Trade Practices Act, N.M.S.A. 1978, §§ 57-12-1 through 57-12-26, Count IV; negligent misrepresentation, Count VI; and rescission, Count VII.  Two Old Hippies also brought a claim under Colorado law for a violation of the Colorado Consumer Protection Act C.R.S., §§ 6-1-101 through 6-1-115 ("CCPA"), Count V.  Two Old Hippies sought relief against Catch the Bus and against Defendants Gary Mack and Fallon Mack, the owners of Catch the Bus.

On June 23, 2010, the Defendants filed their Answer to Complaint for Breach of Contract, Breach of Warranty, Violation of the New Mexico Dealers Frachising [sic] Act, Violation of the New Mexico Unfair Practices Act, Violation of the Colorado Consumer Protection Act, Negligent Misrepresentation, and Rescission.  See Doc. 6.  That same day, the Defendants filed their Summary Judgment Motion to Dismiss, see Doc. 7, and Memorandum Brief in Support of Defendants' Motion to Dismiss, see Doc. 8.  G. Mack and F. Mack moved the Court to dismiss with prejudice all Counts against them individually pursuant to rule 12(b)(6), because, they argued, they could not be held personally liable for the actions of Catch the Bus based only on their positions as corporate officers. The Defendants also moved the Court to dismiss Counts II through VII under rule 12(b)(6), because they contended that Two Old Hippies had failed to state with particularity specific factual allegations establishing plausible claims under Counts II through VII.  The Defendants further contended that the Court should dismiss Counts III, IV, V, and VII, because Two Old Hippies failed to plead the alleged misrepresentation in accordance with rule 9(b)'s pleading requirements.  The Court granted in part and denied in part the Defendants' Motion to Dismiss, dismissing all claims against G. Mack and F. Mack and dismissing Two Old Hippies' CCPA claim, Count V, against all Defendants.  See Memorandum Opinion and Order at 28, filed February 11, 2011 (Doc. 37)("MTD MOO").  The Court held that "Two Old Hippies d[id] not adequately differentiate between the Defendants in its allegations to show that the Individual Defendants participated in negotiating the contacts in issue," and that "Two Old Hippies, therefore, does not establish individual liability for the Individual Defendants under its contract claims."  MTD MOO at 22.  The Court further held that "Two Old Hippies does not set forth facts showing G. Mack or F. Mack are . . . individually liable" for Two Old Hippies' tort claims.  MTD MOO at 24.  In dismissing Two Old Hippies' CCPA claim, the Court held that "Two Old Hippies has not adequately pled a claim under the CCPA, because it has

not alleged facts that plausibly show that the alleged misrepresentations 'significantly impact[ ] the public as actual or potential consumers of the defendant's goods, services, or property.'"  MTD MOO at 20 (quoting Hall v. Walter, 969 P.2d 224, 234 (Colo. 1998)).

Counsel initially represented Catch the Bus.  On August 19, 2010, the Court entered its Order Allowing Withdrawal of Counsel, which allowed Catch the Bus' counsel to withdraw.  See Doc. 23. On November 2, 2010, Two Old Hippies filed its Motion to Strike Pleadings of and Enter Default Judgment Against Defendant Catch the Bus, LLC.  See Doc. 27 ("Motion for Default").  Two Old Hippies moved the Court to strike Catch the Bus' pleadings and enter default judgment against Catch the Bus, pursuant to local rule 83.8(c) of the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico, because Catch the Bus, a limited liability company, could not proceed pro se.[4]  Catch the Bus did not respond to Two Old Hippies' Motion for Default, and the Defendants did not appear at the January 12, 2010 hearing.  On February 14, 2011, the Court held that, if new counsel did not enter an appearance on behalf of Defendant Catch

---

[4] Local rule 83.8(c) provides:

> When the party is a corporation or partnership, the attorney must give notice in the motion to withdraw that a corporation or partnership can appear only with an attorney.  Absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8(c).  Local Rule 83.8 was amended and approved by the Tenth Circuit in its amended form on August 24, 2007, and became effective March 5, 2007.  See Minutes of the Judicial Counsel of the Tenth Circuit, issued April 24, 2007 (stating that, "[o]n April 24, 2007, The Judicial Counsel Rules Committee approved changes to the following Local Civil Rules for the United States District Court of the District of New Mexico as submitted on April 15, 2007 ... Rule 83.8 (Withdrawal of Appearance)").  "Local rule 83.8(c) applies to limited liability companies, like Catch the Bus."  Default MOO at 3 (citing Roscoe v. United States, 134 F. App'x 226, 228 (10th Cir. 2005)(affirming an order from a "magistrate judge prohibit[ing] the LLC from proceeding without counsel"); Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001)("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.")).

the Bus, LLC, within ten days: (i) Catch the Bus' pleadings would be stricken; and (ii) default judgment would be entered on liability against Catch the Bus on all of Plaintiff Two Old Hippies' remaining claims.   See Memorandum Opinion and Order, filed February 14, 2011 (Doc. 38)("Default MOO").  No counsel appeared for Catch the Bus, and on March 11, 2011, the Court issued its Default Judgment, striking Catch the Bus' pleadings and entering default judgment "on liability against Catch the Bus on all of Plaintiff Two Old Hippies, LLC's remaining claims." Default Judgment at 1.

On January 25, 2011, Two Old Hippies filed its Motion to Compel Discovery Responses, filed January 25, 2011 (Doc. 33)("Motion to Compel").  Two Old Hippies moved the Court to compel Catch the Bus[5] to answer and respond to its discovery, for its attorneys' fees and costs related to the Motion to Compel, and for such other and further relief as proper.  On July 21, 2010, Two Old Hippies served the Defendants with discovery via the United States Postal Service.  The parties began settlement discussions, and Two Old Hippies suspended the due date of Defendants' answers and responses while settlement discussions were pending.  The parties reached a settlement agreement, but the Defendants did not meet the requirements of the agreement, so the settlement collapsed.  After the collapse, Two Old Hippies notified the Defendants on November 4, 2010 that their answers and responses would be due November 19, 2010.  The Defendants did not answer or respond.  The Court granted the Motion to Compel.  See Memorandum Opinion and Order, filed June 10, 2011 (Doc. 57).

Throughout these proceedings, the Court has made repeated attempts to contact the

---

[5] Two Old Hippies' moved to compel all the Defendants to respond to its discovery.  Because the Court dismissed Two Old Hippies' claims against G. Mack and F. Mack on February 11, 2011, the Court treated the Motion to Compel as moving against only Catch the Bus.

Defendants.   At the hearing on Two Old Hippies's Motion for Default, the Court attempted unsuccessfully to contact Catch the Bus via telephone at three different telephone numbers -- two of which Two Old Hippies's counsel used to communicate with the Defendants and one from a listing for Catch the Bus from its website -- all of which were no longer in service.   Two Old Hippies stated that it had no working telephone number for Catch the Bus.   Two Old Hippies attempted to notify the Defendants about the Motion for Default by electronic mail transmission and post on January 19, 2011 in an effort to confer, but the Defendants did not respond.   Catch the Bus did not file opposition briefs or otherwise respond to Two Old Hippies's Motion for Default.

Similarly, at the hearing on Two Old Hippies' Motion to Compel, no one appeared for the Catch the Bus.   The Court's Courtroom Deputy Clerk attempted to reach the Defendants on three telephone numbers it has for the Defendants.   When the Courtroom Deputy Clerk attempted 575-491-6594, a child answered, and the child did not seem to know the parties the Court sought. When the Courtroom Deputy Clerk attempted 888-428-2892, she reached what appeared to be a facsimile transmission apparatus.   When the Courtroom Deputy Clerk attempted 575-437-8081, she found the telephone number had been disconnected.   Additionally, the Court's mail to Catch the Bus, including notice of the Court's hearings and copies of the Court's orders, has been returned undeliverable.   See Mail sent from the Court to Gary Mack Returned as Undeliverable, filed January 21, 2011 (Doc. 34); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed January 21, 2011 (Doc.35); Mail sent from the Court to Gary Mack Returned as Undeliverable, filed February 18, 2011 (Doc. 40); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed February 22, 2011 (Doc.41); Mail sent from the Court to Fallon Mack Returned as Undeliverable, filed February 23, 2011 (Doc. 44); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed February 23, 2011 (Doc. 45); Mail sent from the Court to

Gary Mack Returned as Undeliverable, filed February 23, 2011 (Doc. 46); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed March 1, 2011 (Doc. 48); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed March 17, 2011 (Doc. 53); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed March 30, 2011 (Doc.55); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed June 15, 2011 (Doc. 58); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed July 25, 2011 (Doc. 61).

On June 1, 2011, Two Old Hippies filed its Summary Judgment Motion. See Doc. 56. Two Old Hippies moves the Court for "entry of a money judgment against Catch the Bus, LLC, of $440,612.32, plus costs of suit and such other and further relief as is just and proper." Summary Judgment Motion at 4. Two Old Hippies asserts that it has suffered at least $138,728.14 in damages and that it is entitled to treble its damages, because the judgment on liability includes a judgment for fraud as defined by N.M.S.A. 1978, § 57-16-31 of the Motor Dealers Franchising Act in Count III and a judgment on Two Old Hippies' New Mexico's Unfair Practices Act claim in Count IV. Consequently, Two Old Hippies asserts, it is entitled to treble damages of $416,184.42, plus reasonable attorneys' fees of $22,843.00 plus tax on those fees of $1,584.90 for a total of $24,427.90. Catch the Bus has not responded to the Summary Judgment Motion.

On June 30, 2011, Two Old Hippies filed its Motion for Damages and Attorneys' Fees. See Doc. 59. Two Old Hippies requests that the Court "add a damages amount to the judgment of $138,728.14 compensatory damages as established by Plaintiff's motion for summary judgment and the accompanying affidavit of Molly Bedell." Motion for Damages and Attorneys' Fees at 1. Two Old Hippies also requests that "the Court award and add to the judgment Plaintiff attorneys' fees and gross receipts tax thereon in the amount of $24,427.90 as set forth in the affidavit of the

undersigned accompanying Plaintiff's motion for summary judgment."  Motion for Damages and Attorneys' Fees at 1.  Catch the Bus has not responded to Two Old Hippies' Motion for Damages and Attorneys' Fees.

In its Motion for Damages and Attorneys' Fees, Two Old Hippies did not state whether it requested treble damages.  On July 27, 2011, the Court issued an Minute Order, directing Two Old Hippies to file a letter with the Court, copying Catch the Bus, "stating whether it waives its request for treble damages."  Doc. 62.  That same day, Two Old Hippies filed its Amended Motion for Damages and Attorneys' Fees.  Catch the Bus did not file opposition briefs or otherwise respond to Two Old Hippies' Amended Motion for Damages and Attorneys' Fees.

### LEGAL STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT

Rule 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted).  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.")(internal quotation marks omitted).  Once the movant meets this burden, rule 56(e) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving

-14-

party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation marks omitted).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his [or her] pleadings." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("However, 'once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.'" (citation omitted)). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(citing Fed. R. Civ. P. 56(e) and Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

To survive summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. Vitkus v. Beatrice Co., 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact-finder could reasonably find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improv. Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (internal citations omitted). Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999). Third, the court cannot decide any issues of credibility. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

-16-

## ANALYSIS

The Court awards Two Old Hippies $116,818.14 in compensatory damages.  Because Two Old Hippies has not set forth allegations in its Complaint or evidence in support of its Summary Judgment Motion showing that it is entitled to treble damages, the Court will not, at this time, award Two Old Hippies treble damages under N.M.S.A. 1978, § 57-12-10B.  The Court will award Two Old Hippies reasonable attorneys' fees; the Court will require, however, that Two Old Hippies submit billing information in support of its request for attorneys' fees that separates out the work its counsel performed on its claims against G. Mack and F. Mack, and in support of its CCPA claim, because the Court dismissed those claims and will not award Two Old Hippies attorneys' fees for prosecuting its unsuccessful claims.  The Court will hold a hearing to determine whether Two Old Hippies is entitled to statutory damages and the amount of Two Old Hippies' reasonable attorneys' fees.

## I.    THE   COURT   AWARDS   TWO   OLD   HIPPIES   $116,818.14   IN COMPENSATORY DAMAGES.

The Court awards Two Old Hippies $116,818.14 in compensatory damages.  After entering default judgment, the Court takes all of the well-pleaded facts in a complaint as true.  See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  (citations omitted)).  "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing."  United States v. Craighead, 176 F. App'x at 925 (quoting 10A C. Wright, A. Miller & M.

Kane, Federal Practice and Procedure, § 2688 (3d ed. 1998))(alteration in original).  See also Fed.

R. Civ. P. 8(d)("Averments in a pleading to which a responsive pleading is required, other than those

as to the amount of damage, are admitted when not denied in the responsive pleading.").  A court

may enter a default judgment for a damage award without a hearing if the amount claimed is "one

capable of mathematical calculation."  Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202

(D.N.M. 2007)(Browning, J.)(quoting H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148

(10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983))).  "It is a familiar

practice and an exercise of judicial power for a court upon default, by taking evidence when

necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully

entitled to recover and to give judgment accordingly."  10A C. Wright, A. Miller & M. Kane, supra,

§ 2688 (quoting Pope v. United States, 323 U.S. 1, 12 (1944)).  "If the damages sum is not certain

or capable of easy computation, the court may" conduct such hearings or order such references as

it deems necessary.  Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v.

Atlantic Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)).  See Fed. R. Civ. P. 55(b)(2)(B)("The

court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs

to . . . determine the amount of damages.").

        "In the absence of genuine issues of fact material to a plaintiff's damages showing, a court

may appropriately address damages through summary judgment, including in cases where facts have

been determined by the entry of default judgment."  Default MOO at 18 n.5 (citing Trustees of

Const. Indus. and Laborers Health and Welfare Trust v. Hartford Fire Ins. Co., 578 F.3d 1126, 1127,

1130 (9th Cir. 2009)(affirming in part district court's award of damages in summary judgment based

on default judgment); J.R. Simplot v. Chevron Pipeline Co., 563 F.3d 1102, 1117 (10th Cir.

2009)(recognizing that summary judgment on any and all aspects of a party's claim, including

damages, is proper if there are no genuine issues of material fact); <u>Mid-Continent Cas. Co. v. JHP Dev.</u>, 557 F.3d 207, 211, 218 (5th Cir. 2009)(affirming district court's granting summary judgment awarding damages based on finding "default judgment in the underlying suit was binding" on the plaintiff); <u>Ruiz v. Blentech Corp.</u>, 89 F.3d 320, 323 (7th Cir. 1996)("When a party moves for a default judgment, presents substantial evidence supporting its request for damages and encounters no meaningful opposition, the district court's decision to grant the motion includes an implicit assessment of the damages in the requested amount."). <u>Cf.</u> <u>Olcott v. Delaware Flood Co.</u>, 327 F.3d 1115, 1119 n.4 (10th Cir. 2003)(discussing that entry of summary judgment was appropriate after entry of default under rule 55(a), because "the court had not yet entered judgment by default pursuant to Fed. R. Civ. P. 55(b)").   Nothing in the rules of procedure concerning summary judgment or default judgment requires the court to treat damages differently than other issues or mandates a trial where there is no genuine issue of material fact.   <u>See</u> <u>Applied Capital, Inc. v. Gibson</u>, 558 F. Supp. 2d at 1202-03.

The Court has entered Default Judgment as to liability against Two Old Hippies.   "[W]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages."   <u>United States v. Craighead</u>, 176 F. App'x at 924-25 (quoting <u>American Red Cross v. Community Blood Center Of The Ozarks</u>, 257 F.3d 859, 864 (8th Cir. 2001))).   In <u>United States v. Craighead</u>, the Tenth Circuit addressed a defendant's argument that a district court had improperly entered default judgment against him, because the court did not have subject-matter jurisdiction and because "the record contains only the theories and conclusions of counsel purporting to represent the United States -- no notes and no authenticated documents."   176 F. App'x at 924.   The Tenth Circuit rejected the defendant's argument, stating:

-19-

The fatal flaw in Mr. Craighead's argument is that it rests on the faulty premise that the district court could not enter default judgment unless the government proved the factual allegations contained in its complaint.   On the contrary, Mr. Craighead relieved the government of the burden of proving its factual allegations, including the allegations supporting constitutional standing, by failing to answer the complaint. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 (10th Cir. 2003) (quoting Jackson v. FIE Corp., 302 F.3d 515, 525 (5th Cir. 2002), for the same proposition); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987), for the same proposition).

176 F. App'x at 924-25 (emphasis added).

On Two Old Hippies' Summary Judgment Motion, the Court thus must determine, taking the factual allegations in Two Old Hippies' Complaint as true -- with liability established by virtue of default judgment -- and in light of the evidence Two Old Hippies presents in support of its Summary Judgment Motion, whether Two Old Hippies is entitled to the damages it seeks.  See Klapprott v. United States, 335 U.S. 601, 612 (1949)("[D]efault judgments for money damages where there is any uncertainty as to the amount must ordinarily be supported by actual proof."); Rainey v. Diamond State Port Corp., 354 F. App'x 722, 723 (3d Cir. 2009)(per curiam)(affirming a district court's entry of nominal damages where default judgment was the only basis of liability for the plaintiff's Title VII claim); Beavers v. Brown, 95 F. App'x 529, 530 (5th Cir. 2004)(affirming award of nominal damages for § 1983 claims where liability was based only on default judgment); Lothschuetz v. Carpenter, 898 F.2d 1200, 1205 & n.4 (6th Cir. 1990)(affirming award of nominal damages to compensate each libel plaintiff where "liability was established by the district court's entry of a default judgment").

While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation. Trans World Airlines, Inc. v. Hughes, 449

F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 . . . (1973); Davis v. National Mortgage Corp., 320 F.2d 90, 91-92 (2d Cir. 1963); 6 J. Moore, Federal Practice P55.07 (2d ed. 1974) and cases cited.  See also Fed. R. Civ. P. 8(d). Punitive damages are clearly not liquidated or computable and there is no basis at all here to award the amount set forth in the complaint.  See Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir.), cert. denied, 338 U.S. 816 . . . (1949).

Flaks v. Koegel, 504 F.2d at 707.

In Rainey v. Diamond State Port Corp., the United States Court of Appeals for the Third

Circuit explained:

> When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought.  Id.;  DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).  The damages Rainey sought could not be determined with exactness on the cause of action by a simple mathematical calculation or by application of definitive rules of law.  "If it is necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing."  Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994) (quoting Fed. R. Civ. P. 55(b)(2)) (emphasis added) (internal quotation marks omitted).

354 F. App'x at 725.

The Court grants Two Old Hippies summary judgment for $113,596.54 in compensatory

damages.  According to the allegations in the verified Complaint, which the Court takes as true, and

Bedell's uncontested affidavit, there is no genuine question of material fact that Two Old Hippies'

suffered damages of at least $116,319.02: (i) $108,672.00 for the purchase price of the two buses

and reacquisition of Bus #2; (ii) $3,240.68 for repairs and towing for Bus #1; (iii) $1,627.00 for

transporting Bus #2 to and from the contest winner; and (iv) $2,779.34 for design and graphic

expense for Bus #1.  See Bedell Aff. ¶ 19, at 3; Complaint ¶¶ 9, 11-12, 23-26, at 2, 3.  Catch the Bus

paid $2,722.48 toward repairs on Bus #1.  See Bedell Aff. ¶ 20, at 3; Summary Judgment Motion

¶ 16, at 3 (setting forth this fact).  After offsetting Two Old Hippies' damages by this amount, Two

Old Hippies' compensatory damages are $113,596.54.

"[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)("[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." (citations omitted))).  The verified Complaint and Catch the Bus' invoices set forth the purchase price of the buses.  See Complaint ¶ 9, at 2 ("In July 2009, TOH contracted to purchase a restored VW bus from CTB for $ 41,424 . . . ."); Complaint ¶ 11, at 2 ("In October 2009, TOH contracted to purchase a second restored VW bus from CTB for $33,624 . . . ."); Bus #1 Invoice at 2 (estimating a price of $41,424.00 for Bus #1); Bus #2 Invoice at 2 (estimating a price of $33,624.00 for Bus #2).  The damages that Two Old Hippies seeks for the purchase price of the buses can therefore "be determined with exactness on the cause of action by a simple mathematical calculation," Rainey v. Diamond State Port Corp., 354 F. App'x at 725, because "the award was 'ascertainable by mathematical calculation from a standard fixed in the contract,'" United States for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc., 834 F.2d 1533 (10th Cir. 1987)(quoting Grynberg v. Roberts, 102 N.M. 560, 698 P.2d 430, 433 (1985)).  See Flaks v. Koegel, 504 F.2d at 707 ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (quoting Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973), and citing Davis v. National Mortgage Corp., 320 F.2d 90, 91-92 (2d Cir. 1963); 6 J. Moore, Federal Practice P55.07 (2d ed. 1974)).  The verified Complaint and Bedell's affidavit also assert that Two Old Hippies paid $3,240.68 for repairs and towing for Bus #1 and $1,627.00 for transporting Bus #2 to and from the

contest winner.  See Bedell Aff. ¶ 19, at 3; Complaint ¶¶ 24-26, at 3.  Two Old Hippies, however, seeks compensation for damages outside of its contract with Catch the Bus that are not mentioned in the Complaint.  Namely, Bedell's uncontested affidavit asserts that Two Old Hippies paid $2,779.34 for design and graphic expense for Bus #1, see Bedell Aff. ¶ 20, at 3, and Two Old Hippies informed Catch the Bus of the intended uses of the buses before the purchases of the buses, see Bedell Aff. ¶ 9, at 2; Complaint ¶ 18, at 3.  There is no genuine question of material fact whether Two Old Hippies is entitled to compensation for the design and graphic expense, and the Court will award summary judgment for this amount.  While there is no genuine dispute whether Two Old Hippies is entitled to damages for the design and graphic expense for Bus #1, the Court may not enter default judgment for this sum without a hearing.  Accordingly, the Court denies Two Old Hippies' request that it amend the Default Judgment to include an award for compensatory damages.

The Court will also deny Two Old Hippies' request for compensation for advertising costs associated with giving away Bus #2.  The problems the contest winner and Two Old Hippies experienced with Bus #2 did not rob Two Old Hippies of the advertising value of giving away the bus.  While receiving the cash value of Bus #2 may have somehow diminished the contest winner's perception of his or her prize, there is nothing in the record to suggest that Bus #2's shortcoming became public knowledge or otherwise undermined whatever publicity Two Old Hippies enjoyed from its give-away contest.  Because Two Old Hippies presents no evidence that the difficulties it experienced with Bus #2 diminished the promotion's advertising value, the Court will not award Two Old Hippies compensation for its promotional costs.  After reducing the advertising expense from the compensation Two Old Hippies seeks, the Court concludes that Two Old Hippies is entitled to summary judgment for $113,596.54 in compensatory damages.

-23-

## II.     THE COURT WILL NOT TREBLE TWO OLD HIPPIES' DAMAGES BASED ON THE RECORD BEFORE IT.

Two Old Hippies contends that it is entitled to treble damages under both its MVFDA claim in Count III and under its NMUPA claim in Count IV.  The Court entered Default Judgment against Catch the Bus on Two Old Hippies' MVFDA and NMUPA claims.  See Default Judgment at 1 (entering default judgment "on liability against Catch the Bus on all of Plaintiff Two Old Hippies, LLC's remaining claims").  Two Old Hippies has not, however, set forth allegations in its Complaint or evidence in support of its Summary Judgment Motion supporting its request for treble damages. The Court, therefore, will not award treble damages on the record before it.

"[W]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages."  United States v. Craighead, 176 F. App'x at 924-25 (quoting American Red Cross v. Community Blood Center Of The Ozarks, 257 F.3d 859, 864 (8th Cir. 2001))).  The Court therefore takes as true that allegation in the Complaint that Two Old Hippies willfully misrepresented the condition of the buses, see Complaint ¶ 49, at 5 ("The CTB Defendants violated NMSA §57-12-6 by willfully misrepresenting the condition of buses."), in violation of N.M.S.A. 1978, §§ 57-12-2, 57-12-6.  Two Old Hippies states that the buses had "many serious mechanical and physical defects," making the first bus "not safely operable" and the second bus "not operable" at all, Complaint ¶¶ 19, 21, 27, at 3, contrary to Catch the Bus' representations that the buses were "'ready to go' on delivery," and would be usable "for daily driver or for cross-country trips," Complaint ¶ 16, at 2.  "The NMUPA provides for compensatory damages for any violation that causes harm and for treble damages for any violation willfully committed."  Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 749 F. Supp. 2d 1235, 1259 (D.N.M. 2010)(Browning, J.).  The NMUPA states:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.  <u>Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300),</u> whichever is greater, to the party complaining of the practice.

N.M.S.A. 1978, § 57-12-10B (emphasis added).

Two Old Hippies alleges in the Complaint that "[t]he CTB Defendants violated NMSA §57-12-6 by <u>willfully</u> misrepresenting the condition of buses."  Complaint ¶ 49, at 5 (emphasis added).  Because Two Old Hippies "parrot[s] the NMUPA's language that provides statutory damages against defendants [who] 'willfully engaged in . . . unlawful trade practices,' . . . . [t]he Court takes this allegation as true."  <u>Obenauf v. Frontier Fin. Group, Inc.</u>, No. Civ. 11-0085 JB/KBM, 2011 WL 1892772, at *28 (D.N.M. May 19, 2011)(Browning, J.)(citing <u>United States v. Craighead</u>, 176 F. App'x at 924-25; <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981)(noting that, where a party moves for a default judgment after another party's default, the moving party is "entitled to all reasonable inferences from the evidence offered")).[6]  Consequently, Two Old Hippies is eligible for statutory damages.  The plain language of N.M.S.A. 1978,

---

[6] In Count III, Two Old Hippies contends that: (i) the Catch the Bus is a "motor vehicle dealer" under N.M.S.A. 1978, § 57-16-3B; (ii) Catch the Bus committed fraud, as defined in as defined in N.M.S.A. 1978, § 57-16-3I, in connection with the sale of the buses to Two Old Hippies, in violation of N.M.S.A. 1978, § 57-16-4B and C; and (iii) Catch the Bus' violations of N.M.S.A. 1978, § 57-16-4 damaged Two Old Hippies.  In the Complaint, Two Old Hippies asserts that the Defendants violated both subsections B and C of N.M.S.A. 1978, § 57-16-4.  These subsections make it unlawful for a dealer to, respectively, "use false, deceptive or misleading advertising in connection with his business," N.M.S.A. 1978, § 57-16-4B, and "willfully defraud any retail buyer to the buyer's damage," N.M.S.A. 1978, § 57-16-4C.  The MVFDA provides that, "[i]n an action for money damages, the court or jury may award punitive damages not to exceed three times the actual damages, if the defendant acted maliciously."  N.M.S.A. 1978, § 57-16-13.  The Complaint, however, does not allege in name or substance that Catch the Bus acted maliciously.

§ 57-12-10B of the NMUPA, however, indicates the award of statutory damages is discretionary. See N.M.S.A. 1978, § 57-12-10B ("[T]he court may award up to three times actual damages or three hundred dollars ($300) . . . ." (emphasis added)).  New Mexico caselaw confirms this interpretation. See Ashlock v. Sunwest Bank of Roswell, N.A., 107 N.M. 100, 101, 753 P.2d 346, 347 (1988)("[N.M.S.A. 1978, § 57-12-10B's] permissive language leads us to conclude that it was within the legislature's contemplation that in some cases, but not all, the false or misleading statement would be made at the outset with the intent to deceive, and in such cases triple damages would not be unwarranted."); Teague-Strebeck Motors, Inc. v. Chrysler Ins. Chaco., 127 N.M. 603, 621, 985 P.2d 1183, 1201 (Ct. App. 1999)("[A]n award of treble damages under the Unfair Practices Act is discretionary.  NMSA 1978, Section 57-12-10(B) (1987), states that upon finding a willful violation of the act, 'the court may award up to three times actual damages.'" (emphasis added in original)(citations omitted)); McLelland v. United Wis. Life Ins. Co., 127 N.M. 303, 307, 980 P.2d 86, 90 (Ct. App. 1999)("Thus, in a jury trial (1) the jury may assess actual, or compensatory, damages, and (2) the court, in its discretion, may increase the award to a maximum of triple the compensatory damages if the jury finds willful misconduct.").  See also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Chaco., 170 F.3d 985, 996 (10th Cir. 1999)("The statute specifically makes the awarding of treble damages a discretionary act.").

The allegations in Two Old Hippies' Complaint and the evidence it provided in support of its Summary Judgment Motion do not, however, suggest behavior that warrants treble damages.[7]

_____

[7] In Guidance Endodontics, LLC v. Dentsply International, Inc., No. CIV 08-1101 JB/RLP, 2011 WL 2470674, at *16-19, *27 (D.N.M. May 09, 2011)(Browning, J.), the Court remitted a $40,000,000.00 punitive damages award to $4,080,001.00, the amount of compensatory damages a jury awarded the plaintiff.  "When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee."  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003)(emphasis

In substance, Two Old Hippies' allegations and evidence suggest that it purchased two VW Buses that were mechanically unsound.  The facts of this case largely amount to a breach of contract: Catch the Bus did not deliver the goods it promised.  The Court, as it must, takes as true the allegations in the Complaint that Catch the Bus falsely represented that the buses were of a particular standard, quality or grade -- "willfully misrepresenting the condition of the buses."  Complaint ¶ 49, at 5. While parroting the NMUPA's language qualifies Two Old Hippies for statutory damages under the NMUPA, it does not entitle it to a particular amount, which remains within the Court's discretion. The Court will not, on the record before it, award Two Old Hippies treble damages.

## III.     THE COURT WILL AWARD TWO OLD HIPPIES REASONABLE ATTORNEY'S FEES, BUT THE COURT IS UNABLE TO DETERMINE WHAT THE REASONABLE FEES SHOULD BE ON THE RECORD BEFORE IT.

Two Old Hippies contends that it is entitled to attorneys' fees under both its MVFDA claim in Count III and under its NMUPA claim in Count IV.  The NMUPA provides that "[t]he court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails."  N.M.S.A. 1978, § 57-12-10C.  See Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1218 (10th Cir. 2003)("[T]he UPA requires the award of attorneys' fees to a prevailing claimant . . . .").  The MVFDA similarly provides that "any person who shall be injured in his business or property by reason of anything forbidden in this act may sue therefor in the district court and shall recover actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee."  N.M.S.A. 1978, § 57-16-13.  The Court will therefore award Two Old Hippies reasonable attorneys' fees.  The Court, however, determine the

---

added).  Treble damages under the NMUPA are "a form of punitive damages."  Hale v. Basin Motor Co., 110 N.M. 314, 320, 795 P.2d 1006, 1012 (1990).

reasonable amount of attorneys' fees on the record before it.

The Supreme Court of the United States has admonished that a "request for attorneys' fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Nevertheless, the Tenth Circuit requires a sufficient factual record to support a claim for attorneys' fees and expenses. See Clay v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1256-57 (10th Cir. 1998). In Mr. Gulley's affidavit, he states: "Together, through the filing of this affidavit and the motion it supports, Bannerman & Johnson has billed its client Two Old Hippies $22,843.00 in attorneys' fees (including $330.00 of paralegal fees) to this matter, plus New Mexico gross receipts tax of $1,584.90 for a total of $24,427.90." Gulley Aff. ¶ 4, at 1. Mr. Gulley does not, however, provide any detail how Bannerman & Johnson arrived at this figure. He does not provide time sheets. In determining appropriate attorneys' fees, courts generally begin by calculating the lodestar -- the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. See Hensley v. Eckerhart, 461 U.S. at 433-37; Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 856 (7th Cir. 2009). The court may then adjust that figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation. See Farrar v. Hobby, 506 U.S. 103, 120-22 (1992)(O'Connor, J., concurring).

In his affidavit, Mr. Gulley does not state the number of hours included in the amount billed. Additionally, Mr. Gulley does not state whether these fees include the work performed on the claims against G. Mack and F. Mack or in support of Two Old Hippies' CCPA claim. The Court dismissed these claims, and Two Old Hippies is therefore not entitled to attorneys' fees for them. Because Mr. Gulley provides no detail elaborating how he arrived at his attorneys' fees, the Court is unable to determine, on the record before it, whether his fees are reasonable and whether they include work

on Two Old Hippies's unsuccessful claims.

## IV.    THE COURT WILL HOLD A HEARING BEFORE DECIDING WHETHER TO AWARD STATUTORY DAMAGES AND THE AMOUNT OF ATTORNEY'S FEES.

The Court will hold a hearing before determining whether to award treble damages or the amount of Two Old Hippies' reasonable attorneys' fees.  The Tenth Circuit "ha[s] held that a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.  Similarly, attorneys' fees may not be awarded without a hearing to determine the amount."  Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)("[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  Also, a court may not award attorneys' fees without holding a hearing to determine the amount."  (citing Davis v. Nat'l Mortg. Corp., 320 F.2d 90 (2d Cir. 1963)("[T]he district Court . . . may not enter a default judgment for the unliquidated damages claimed here for such items as good will, counsel fees and the like without first holding a hearing to determine the amount of damages to which plaintiff is entitled." (citations omitted))(other citations omitted)))).  See Held v. Shelter Sys. Group Corp., 16 F.3d 416, at *1 (10th Cir. 1994)(table)("[A]ttorney fees may not be awarded absent a hearing to determine the amount." (citations omitted)).  "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary.  Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v. Atlantic Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)).  See Fed. R. Civ. P. 55(b)(2)(B)("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

-29-

There is no genuine issue of material fact on the amount of compensatory damages that should be awarded, so the Court grants Two Old Hippies Summary Judgment Motion to the extent that it seeks compensatory damages.  There is, however, a genuine question about Two Old Hippies' request for treble damages, "a form of punitive damages," <u>Hale v. Basin Motor Co.</u>, 110 N.M. at 320, 795 P.2d at 1012, and its request for an amount of attorneys' fees, and these are not sums certain.  The Court will therefore hold a hearing on Two Old Hippies' request for attorneys' fees and treble damages.  If Two Old Hippies is unable to provide more support for its treble damages request at the hearing on damages, the Court may deny Two Old Hippies' request or award it $300.00 in statutory damages.  Two Old Hippies must also separate out its costs and attorneys' fees for its unsuccessful claims.

**IT IS ORDERED** that the Court grants in part and denies in part the Plaintiff's Motion for Summary Judgment to Set the Amount of Damages, filed June 1, 2011 (Doc. 56), the Plaintiff's Motion to Grant its Summary Judgment Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and Attorneys' Fees to the Judgment, filed June 30, 2011 (Doc. 59), and the Plaintiff's Amended Motion to Grant its Summary Judgment Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and Attorneys' Fees to the 'Judgment, amending its Motion for Damages and Attorneys' Fees to request treble damages, filed July 27, 2011 (Doc. 68).  The Court awards Plaintiff Two Old Hippies, LLC, $116,818.14 in compensatory damages.  The Court finds that Two Old Hippies is qualified for statutory damages, but does not award a specific amount.  The Court also finds that the Two Old Hippies is entitled to attorneys' fees.  The Court will hold a hearing to decide the amount of Two Old Hippies' reasonable attorneys' fees, and whether Two Old Hippies is entitled to statutory

damages, and, if so, the amount of such damages.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties :*

Thomas P Gulley
Rebecca L. Avitia
Bannerman & Johnson, PA
Albuquerque, New Mexico

    *Attorneys for Two Old Hippies, LLC*

Catch the Bus, LLC
Alamogordo, New Mexico

    *Defendant pro se*

Gary Mack
Alamogordo, New Mexico

    *Defendant pro se*

Fallon Mack
Alamogordo, New Mexico

    *Defendant pro se*