# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TWO OLD HIPPIES, LLC,

      Plaintiff,

vs.                                            No. CIV 10-0459 JB/RLP

CATCH THE BUS, LLC, GARY MACK
and FALLON MACK,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Summary Judgment to Set the Amount of Damages and Memorandum in Support, filed June 1, 2011 (Doc. 56)("Summary Judgment Motion"); (ii) the Plaintiff's Motion to Grant its Summary Judgment Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and Attorneys' Fees to the Judgment, filed June 30, 2011 (Doc. 59)("Motion for Damages and Attorneys' Fees"); (iii) the Plaintiff's Amended Motion to Grant its Summary Judgment Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and Attorneys' Fees to the Judgment, filed July 27, 2011 (Doc. 68)("Amended Motion for Damages and Attorneys' Fees"), amending its Motion for Damages and Attorneys' Fees to request treble damages; and (iv) the Memorandum Opinion and Order, filed August 18, 2011 (Doc. 70)("Summary and Default Judgment MOO"). The Court held a hearing on August 25, 2011. The primary issues are: (i) whether the Court should award Plaintiff Two Old Hippies, LLC, attorneys' fees; (ii) whether the Court should award Two Old Hippies statutory damages under the New Mexico Unfair Practices Act, N.M.S.A. 1978, §§ 57-12-1 through 57-12-26 ("NMUPA"); and (iii) whether the

Court miscalculated Two Old Hippies compensatory damages in its Summary and Default Judgment MOO. The Court awards Two Old Hippies $19,925.50 in attorneys' fees and $1,367.97 in taxes, for a total of $21,293.47. The Court also awards Two Old Hippies $300.00 in statutory damages. The Court amends its ruling in its Summary and Default Judgment MOO to award Two Old Hippies $113,596.54 in compensatory damages.

## FACTUAL BACKGROUND

The Court previously entered its Default Judgment Against Defendant Catch the Bus, LLC, filed March 11, 2011 (Doc. 51)("Default Judgment"). Consequently, the Court takes as true the allegations in Two Old Hippies' Complaint for Breach of Contract, Breach of Warranty, Violation of the New Mexico Dealers Franchising Act, Violation of the New Mexico Unfair Practices Act, Violation of the Colorado Consumer Protection Act, Negligent Misrepresentation, and Rescission. See Doc. 1 ("Complaint").

Moreover, Catch the Bus did not respond to Two Old Hippies' Summary Judgment Motion. Because Catch the Bus failed to file a written opposition to the motion for summary judgment, it could be deemed to have consented to the granting of the Summary Judgment Motion. See D.N.M.LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days after service of the motion."). Furthermore, because Catch the Bus has not filed a timely written response contesting any of the paragraphs in Two Old Hippies' statement of the undisputed facts, the Court can take the facts as Two Old Hippies has stated them. D.N.M.LR-Civ. 56.1(b) states in relevant part:

> A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the

record upon which the opposing party relies, and must state the number of the movant's fact that is disputed.  All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.

D.N.M.LR-Civ. 56.1(b).  Because Catch the Bus has not "specifically controverted" any of Two Old Hippies' stated facts, the Court may deem them admitted.  Nevertheless, because the United States Court of Appeals for the Tenth Circuit has encouraged district courts to decide motions for summary judgment on the merits, see Woods v. Roberts, No. 94-3159, 1995 WL 65457, at *2 (10th Cir. 1995)("[T]his circuit has expressed concern that pro se litigants not have their suits dismissed on summary judgment merely because they have failed to comply with the technical requirements involved in defending such a motion."  (citing Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991))); Hancock v. Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988); Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985)("The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits."  (quoting Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984)), and because Catch the Bus is proceeding pro se, the Court will consider Two Old Hippies' Summary Judgment Motion on the merits rather than defaulting Catch the Bus for procedural violations.  In the end, however, Catch the Bus has not contested any of Two Old Hippies' factual assertions and there is nothing in the record before the Court that suggests -- with the exception of some minor details -- that Two Old Hippies' factual assertions are not sound or that they lack factual support.  As such, the issues are not in material dispute and what remains for decision is whether Two Old Hippies is entitled to judgment as a matter of law.

In July 2009, Two Old Hippies purchased a restored Volkswagen Bus from Catch the Bus for $41,424.00 ("Bus #1").  Complaint ¶ 9, at 2 ("In July 2009, TOH contracted to purchase a

restored VW bus from CTB for $ 41,424 . . . ."). <u>See</u> Bus #1 Invoice at 2, filed June 23, 2010 (Doc. 8-1)(estimating a price of $41,424.00 for Bus #1).[1]   In October 2009, Two Old Hippies purchased a second restored Volkswagen bus from Catch the Bus for $33,624.00 ("Bus #2").   Complaint ¶ 11, at 2 ("In October 2009, TOH contracted to purchase a second restored VW bus from CTB for $33,624 . . . .").  <u>See</u> Bus #2 Invoice at 2, filed June 23, 2010 (Doc. 8-2)(estimating a price of $33,624.00 for Bus #2).[2]   The sum of the purchase price of Bus #1 and Bus #2 totals $75,048.00. <u>See</u> Complaint ¶ 12, at 2 (alleging this fact).  Catch the Bus guaranteed Two Old Hippies one-hundred percent satisfaction with the buses and that the buses would be "ready to go" on delivery "whether for daily driver or for cross-country trips."  Complaint ¶¶ 13, 14 at 2.

---

[1] The Summary Judgment Motion and Thomas W. Bedell's affidavit state that the purchase price of Bus #1 was $42,645.60.  <u>See</u> Bedell Aff. ¶ 5, at 1; Summary Judgment Motion ¶ 1, at 1. The verified Complaint, which Bedell attested, however, states that the purchase price of Bus #1 was $41,424.00.  <u>See</u> Complaint ¶ 9, at 2.  <u>See also</u> Bus #1 Invoice at 2 (estimating a price of $41,424.00 for Bus #1).  Because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party, <u>see</u> Hunt v. Cromartie, 526 U.S. 541, 551 (1999), the Court takes the lesser amount of $41,424.00 from the verified Complaint to be the correct figure.

[2] The verified Complaint states that the purchase price of Bus #2 was $33,624.00.  <u>See</u> Complaint ¶ 11, at 2.  <u>See</u> Bus #2 Invoice at 2 (estimating a price of $33,624.00 for Bus #2).  The Summary Judgment Motion and Bedell's affidavit, however, state that the purchase price of Bus #2 was $34,646.00.  <u>See</u> Bedell Aff. ¶ 6, at 1; Summary Judgment Motion ¶ 2, at 1.  All the subsequent calculations in the Summary Judgment Motion and the affidavit indicate that the correct purchase price is $34,624.00.  <u>See, e.g.,</u> Bedell Aff. ¶ 7, at 1 (stating that the sum of the purchase price for the two buses was $77,269.60; $77,269.60 - $42,645.60 = $34,624.00); Summary Judgment Motion ¶ 3, at 1 (same); Bedell Aff. ¶ 14, at 2 (stating that, after repurchasing Bus #2 from a contest winner for $34,624.00, the total amount paid for Bus #2 was $69,248.00; $69,248.00 - $34,624.00 = $34,624.00); Summary Judgment Motion ¶ 10, at 2 (same).  Because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party, <u>see</u> Hunt v. Cromartie, 526 U.S. at 551, the Court takes the lesser amount of $33,624.00 from the verified Complaint to be the correct figure.

Two Old Hippies planned to use Bus #1 in its business and incurred $2,779.34[3] in design and graphics expense for Bus #1, and give away Bus #2 in a business promotion to an entrant who won Bus #2 in the promotion.  See Bedell Aff. ¶ 8, at 2; Summary Judgment Motion ¶ 4, at 2 (setting forth this fact); Complaint ¶ 17, at 2 (alleging this fact).  Two Old Hippies informed Catch the Bus of the intended uses of the buses before the purchases of the buses.  See Bedell Aff. ¶ 9, at 2; Summary Judgment Motion ¶ 5, at 2 (setting forth this fact); Complaint ¶ 18, at 3 (alleging this fact).  After Catch the Bus delivered Bus #1 to Two Old Hippies, Bus #1 was not safely operable, and Two Old Hippies discovered, upon having mechanics examine Bus #1, that it had many serious mechanical and physical defects.  See Bedell Aff. ¶ 10, at 2; Summary Judgment Motion ¶ 6, at 2 (setting forth this fact); Complaint ¶ 19, at 3 (alleging this fact).   Because of the many serious mechanical and physical defects, Two Old Hippies has never been able to use Bus #1.  See Bedell Aff. ¶ 13, at 2; Summary Judgment Motion ¶ 9, at 2 (setting forth this fact); Complaint ¶ 22, at 3 (alleging this fact).  Because of the many serious mechanical and physical defects, Two Old Hippies has spent more than $3,240.68 in repair and towing costs on Bus #1 to attempt to make it safely operable, but despite the repairs, Bus #1 is not safely operable.  See Bedell Aff. ¶ 17, at 3; Summary Judgment Motion ¶ 13, at 3 (setting forth this fact); Complaint ¶ 26, at 3 (alleging this fact).

After Catch the Bus delivered Bus #2, Two Old Hippies conducted a business promotion to

---

[3] The Summary Judgment Motion and Bedell's affidavit state two slightly different figures for the design and graphics expense for Bus #1.  Compare Bedell Aff. ¶ 8, at 2 ("TOH planned to use Bus #1 in its business and incurred $2,779.37 in design and graphics expense for Bus # 1 . . . ."); Summary Judgment Motion ¶ 4, at 2 (same), with Bedell Aff. ¶ 19(d), at 3 ("TOH has suffered monetary damages at a minimum as follows: . . . Design and graphic expense on Bus #1 $2,779.34 . . . ."); Summary Judgment Motion ¶ 15(d), at 3 (same).  Because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construes all evidence in the light most favorable to the non-moving party, see Hunt v. Cromartie, 526 U.S. at 551, the Court takes the lesser amount of $2,779.34 to be the correct figure.

give away Bus #2 at an advertising expense of $21,910.00 and awarded the bus to its winning

entrant, who resided in California.  See Bedell Aff. ¶ 11, at 2; Summary Judgment Motion ¶ 7, at

2 (setting forth this fact); Complaint ¶ 20, at 3 (alleging this fact).  After Catch the Bus delivered

Bus #2 to Two Old Hippies's winning entrant, the entrant and subsequently Two Old Hippies

determined that Bus #2 was not operable, and had many serious mechanical and physical defects.

See Bedell Aff. ¶ 12, at 2; Summary Judgment Motion ¶ 8, at 2 (setting forth this fact); Complaint

¶ 21, at 3 (alleging this fact).  Because of the many serious mechanical and physical defects, Two

Old Hippies reacquired Bus #2 from its winning entrant for $33,624.00 cash,[4] making the total

amount paid for Bus #2 $67,248.00 and the total for both buses $108,672.00.  See Complaint ¶ 23,

at 3 (alleging this fact).  The cost of transporting Bus #2 to the contest winner was $243.00.  See

Bedell Aff. ¶ 15, at 2; Summary Judgment Motion ¶ 11, at 2 (setting forth this fact); Complaint ¶

24, at 3 (alleging this fact).  The cost of transporting Bus #2 back to Two Old Hippies was

$1,384.00.  See Bedell Aff. ¶ 15, at 2; Summary Judgment Motion ¶ 11, at 2 (setting forth this fact);

Complaint ¶ 25, at 3 (alleging this fact).

Catch the Bus, thus, falsely represented that the buses were of a particular standard, quality

or grade -- "willfully misrepresenting the condition of the buses."  Complaint ¶ 49, at 5.  Because

Bus #1 is not safely operable and Bus #2 is not operable, and because of the many mechanical and

physical defects, the buses have no value.  See Bedell Aff. ¶ 18, at 3; Summary Judgment Motion

---

[4] The verified Complaint states that the repurchase price of Bus #2 was $33,624.00.  See
Complaint ¶ 23, at 3.  Cf. Bus #2 Invoice at 2 (estimating a price of $33,624.00 for Bus #2).  The
Summary Judgment Motion and Bedell's affidavit, however, state that the repurchase price of Bus
#2 was $34,646.00.  See Bedell Aff. ¶ 14, at 2; Summary Judgment Motion ¶ 10, at 2.  Because the
Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and
construe all evidence in the light most favorable to the non-moving party, see Hunt v. Cromartie,
526 U.S. at 551, the Court takes the lesser amount of $33,624.00 from the verified Complaint to be
the correct figure.

¶ 14, at 3 (setting forth this fact).  Two Old Hippies demanded that Catch the Bus refund the purchase price for the buses and pay other related compensation, and, upon payment, that Catch the Bus retrieve the buses from their location.  See Complaint ¶ 29, at 4.  Despite Two Old Hippies' demand, Catch the Bus has refused to refund the purchase price and compensate Two Old Hippies for other related expenses.  See Complaint ¶ 30, at 4.

Two Old Hippies states it has thus suffered monetary damages at a minimum of $135,506.54: (i) purchase price of the two buses and reacquisition of Bus #2 $108,672.00; (ii) repairs and towing for Bus #1 $3,240.68; (iii) transportation expense to and from the contest winner for Bus #2 $1,627.00; (iv) design and graphic expense for Bus #1 $2,779.34; and (v) advertising expense on Bus #2 $21,910.00.  See Bedell Aff. ¶ 19, at 3; Summary Judgment Motion ¶ 15, at 3 (setting forth this fact).  Catch the Bus paid $2,722.48 toward repairs on Bus #1; after offsetting this amount, Two Old Hippies' asserts total damages of $135,506.54.  See Bedell Aff. ¶ 20, at 3; Summary Judgment Motion ¶ 16, at 3 (setting forth this fact).  Two Old Hippies contends that it has incurred significant additional monetary damages not itemized herein and that the disposal cost for two buses exceeds any salvage value.  See Bedell Aff. ¶ 22, at 3; Summary Judgment Motion ¶ 18, at 3 (setting forth this fact).

Two Old Hippies has incurred attorneys' fees and costs and seeks recovery of those.  See Bedell Aff. ¶ 21, at 3; Summary Judgment Motion ¶ 17, at 3 (setting forth this fact).  Two Old Hippies attached an affidavit of Thomas P. Gulley, lead counsel, to its Summary Judgment Motion.  See Thomas P. Gulley's Affidavit (executed June 1, 2011), filed June 1, 2011 (Doc. 56-2).  Mr. Gulley has practiced law for thirty-seven years, the last twenty-four of which he has practiced in New Mexico.  See Gulley Aff. ¶ 1, at 1.  Mr. Gulley has been the lawyer in charge of this matter since its inception at the firm Bannerman & Johnson, P.A.  See Gulley Aff. ¶ 2, at 1.  In the course

of representing Two Old Hippies, Mr. Gulley and Rebecca L. Avitia, his associate, have conferred with Two Old Hippies to get the facts of this case, examined documents, prepared the Complaint, reviewed the Court's scheduling order, conferred with opposing counsel, prepared discovery, reviewed responses to discovery, reviewed the motion to dismiss and responded to it, prepared the joint status report, analyzed and researched the law, prepared a motion to strike the pleadings, attended court hearings, prepared a settlement facilitation report, attended a settlement conference, engaged in settlement negations with Catch the Bus, prepared a settlement agreement, prepared the Summary Judgment Motion and supporting affidavit, and engaged in related activities. <u>See</u> Gulley Aff. ¶ 5, at 2. Mr. Gulley asserts these activities and the time charged for them were reasonably and necessarily made in the successful prosecution of this case, and the rates charged were reasonable and in line with customary rates charged by lawyers and paralegals in similar matters in New Mexico. <u>See</u> Gulley Aff. ¶ 6, at 2.

Through the filing of the Summary Judgment Motion, "Bannerman & Johnson has billed its client Two Old Hippies $22,843.00 in attorneys' fees (including $330.00 of paralegal fees) to this matter, plus New Mexico gross receipts tax of $1,584.90 for a total of $24,427.90." Gulley Aff. ¶ 4, at 1. This amount includes attorneys' fees for Two Old Hippies' unsuccessful claims. In prosecuting its successful claims, Two Old Hippies incurred $19,925.50 in attorneys' fees. <u>See</u> Supplemental Affidavit of Thomas P. Gulley Regarding Attorneys' Fee Request per the Court's Order (Doc. 70), filed August 25, 2011 (Doc. 73); Statement of Account for Services Rendered Through March 31, 2010, filed August 25, 2011 (Doc. 73-1)("Billing Statements"). This amount includes 50.7 hours of Mr. Gulley's time, which he bills at $275.00 per hour, and 33.2 hours of Ms.

Avitia's time, which she bills at $195.00 per hour.[5]  See Billing Statements at 1-42; Gulley Aff. ¶ 3, at 1.  The amount Two Old Hippies seeks also includes $9.00 in paralegal fees, which Bannerman & Johnson bills at $90.00 an hour.  See Billing Statements at 36; Gulley Aff. ¶¶ 3-4, at 1.  In addition to eliminating fees in its Billing Statement for which the description indicates that the billed time was spent on unsuccessful claims, Two Old Hippies also reduces its fees another $500.00 to further account for time spent on its unsuccessful claims, because

> some minimal time was undoubtedly spent in discussing the individuals role and statements made about the buses and writing the part of the complaint naming the individuals and the [Colorado Consumer Protection Act C.R.S., §§ 6-1-101 through 6-1-115 ("CCPA")] count and later reviewing the Court's order dismissing claims against G. Mack and F. Mack and dismissing the CCPA count and considering the implications of the Court's rulings.  Although that time was minimal and probably was less than 1 hour total, Two Old Hippies reduces its fee request by an additional $500 in the interest of insuring all of that time is not included in its fee request.

Gully Supplemental Aff. ¶ 7, at 2.  Two Old Hippies incurred $1367.97 in gross receipts taxes[6] on its $19,925.50 in attorneys' fees, for a total of $21,293.47.

---

[5] The July 6, 2010 billing statement Two Old Hippies provided in support of its attorneys' fees request billed Mr. Gulley's time at $290.00 per hour, and Ms. Avitia's time at $220.00 per hour. See Billing Statements at 8-9.  The billing statements for the periods before and after the July 6, 2010 billing statement charge the attorneys' time at $275.00 per hour and $195.00 per hour respectively, which accords with the rate Mr. Gulley states in his affidavit.   See Gulley Aff. ¶ 3, at 1.  The Court therefore reduces Two Old Hippies' attorneys' fees $166.50 to reflect this disparity in the attorneys' hourly rates.

[6] This amount includes taxes on Mr. Gulley's $275.00 per hour fees:13.0 hours at 6.25% and 37.7 hours at 7%, for a sum of $949.16.  It also includes taxes on Ms. Avitia's $190.00 per hour fees: 33.2 hours at 7%, for a sum of $453.18.  The amount also includes 0.1 hours of paralegal time at $90.00 fees taxed at 7%, for a sum of $0.63.  Finally, the Court assumes a tax of 7% on the $500.00 Two Old Hippies subtracts from its attorneys' fees, for a sum of $35.00.  In total, the tax on Two Old Hippies attorneys' fees is $1367.97: $949.16 + $453.18 +$0.63 – $35.00 = $1367.97.

## PROCEDURAL HISTORY

On May 13, 2010, Two Old Hippies filed its Complaint.  <u>See</u> Doc. 1.  Two Old Hippies brings this diversity action alleging claims under New Mexico state law for breach of contract, Count I; breach of warranty, Count II; violation of the New Mexico Motor Dealers Franchising Act, N.M.S.A. 1978, §§ 57-16-1 through 57-16-16, Count III; violation of the New Mexico Unfair Trade Practices Act, N.M.S.A. 1978, §§ 57-12-1 through 57-12-26, Count IV; negligent misrepresentation, Count VI; and rescission, Count VII.  Two Old Hippies also brought a claim under Colorado law for a violation of the Colorado Consumer Protection Act C.R.S., §§ 6-1-101 through 6-1-115 ("CCPA"), Count V.  Two Old Hippies sought relief against Catch the Bus and against Defendants Gary Mack and Fallon Mack, the owners of Catch the Bus.

On June 23, 2010, the Defendants filed their Answer to Complaint for Breach of Contract, Breach of Warranty, Violation of the New Mexico Dealers Frachising [sic] Act, Violation of the New Mexico Unfair Practices Act, Violation of the Colorado Consumer Protection Act, Negligent Misrepresentation, and Rescission.  <u>See</u> Doc. 6.  That same day, the Defendants filed their Summary Judgment Motion to Dismiss, <u>see</u> Doc. 7, and Memorandum Brief in Support of Defendants' Motion to Dismiss, <u>see</u> Doc. 8.  G. Mack and F. Mack moved the Court to dismiss with prejudice all Counts against them individually pursuant to rule 12(b)(6), because, they argued, they could not be held personally liable for the actions of Catch the Bus based only on their positions as corporate officers. The Defendants also moved the Court to dismiss Counts II through VII under rule 12(b)(6), because they contended that Two Old Hippies had failed to state with particularity specific factual allegations establishing plausible claims under Counts II through VII.  The Defendants further contended that the Court should dismiss Counts III, IV, V, and VII, because Two Old Hippies failed to plead the alleged misrepresentation in accordance with rule 9(b)'s pleading requirements.  The Court granted

in part and denied in part the Defendants' Motion to Dismiss, dismissing all claims against G. Mack and F. Mack and dismissing Two Old Hippies' CCPA claim, Count V, against all Defendants.  <u>See</u> Memorandum Opinion and Order at 28, filed February 11, 2011 (Doc. 37)("MTD MOO").  The Court held that "Two Old Hippies d[id] not adequately differentiate between the Defendants in its allegations to show that the Individual Defendants participated in negotiating the contacts in issue," and that "Two Old Hippies, therefore, does not establish individual liability for the Individual Defendants under its contract claims."  MTD MOO at 22.  The Court further held that "Two Old Hippies does not set forth facts showing G. Mack or F. Mack are . . . individually liable" for Two Old Hippies' tort claims.  MTD MOO at 24.  In dismissing Two Old Hippies' CCPA claim, the Court held that "Two Old Hippies has not adequately pled a claim under the CCPA, because it has not alleged facts that plausibly show that the alleged misrepresentations 'significantly impact[ ] the public as actual or potential consumers of the defendant's goods, services, or property.'"  MTD MOO at 20 (quoting <u>Hall v. Walter</u>, 969 P.2d 224, 234 (Colo. 1998)).

Counsel initially represented Catch the Bus.  On August 19, 2010, the Court entered its Order Allowing Withdrawal of Counsel, which allowed Catch the Bus' counsel to withdraw.  <u>See</u> Doc. 23. On November 2, 2010, Two Old Hippies filed its Motion to Strike Pleadings of and Enter Default Judgment Against Defendant Catch the Bus, LLC.  <u>See</u> Doc. 27 ("Motion for Default").  Two Old Hippies moved the Court to strike Catch the Bus' pleadings and enter default judgment against Catch the Bus, pursuant to local rule 83.8(c) of the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico, because Catch the Bus, a limited liability company, could not proceed pro se.[7]  Catch the Bus did not respond to Two Old Hippies' Motion

---

[7] Local rule 83.8(c) provides:

for Default, and the Defendants did not appear at the January 12, 2010 hearing.  On February 14, 2011, the Court held that, if new counsel did not enter an appearance on behalf of Defendant Catch the Bus, LLC, within ten days: (i) Catch the Bus' pleadings would be stricken; and (ii) default judgment would be entered on liability against Catch the Bus on all of Plaintiff Two Old Hippies' remaining claims.  See Memorandum Opinion and Order, filed February 14, 2011 (Doc. 38)("Default MOO").  No counsel appeared for Catch the Bus, and on March 11, 2011, the Court issued its Default Judgment, striking Catch the Bus' pleadings and entering default judgment "on liability against Catch the Bus on all of Plaintiff Two Old Hippies, LLC's remaining claims." Default Judgment at 1.

On January 25, 2011, Two Old Hippies filed its Motion to Compel Discovery Responses, filed January 25, 2011 (Doc. 33)("Motion to Compel").  Two Old Hippies moved the Court to compel Catch the Bus[8] to answer and respond to its discovery, for its attorneys' fees and costs

---

> When the party is a corporation or partnership, the attorney must give notice in the motion to withdraw that a corporation or partnership can appear only with an attorney.  Absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8(c).  Local Rule 83.8 was amended and approved by the Tenth Circuit in its amended form on August 24, 2007, and became effective March 5, 2007.  See Minutes of the Judicial Counsel of the Tenth Circuit, issued April 24, 2007 (stating that, "[o]n April 24, 2007, The Judicial Counsel Rules Committee approved changes to the following Local Civil Rules for the United States District Court of the District of New Mexico as submitted on April 15, 2007 ... Rule 83.8 (Withdrawal of Appearance)").  "Local rule 83.8(c) applies to limited liability companies, like Catch the Bus."  Default MOO at 3 (citing Roscoe v. United States, 134 F. App'x 226, 228 (10th Cir. 2005)(affirming an order from a "magistrate judge prohibit[ing] the LLC from proceeding without counsel"); Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001)("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.")).

[8] Two Old Hippies' moved to compel all the Defendants to respond to its discovery.  Because the Court dismissed Two Old Hippies' claims against G. Mack and F. Mack on February 11, 2011, the Court treated the Motion to Compel as moving against only Catch the Bus.

related to the Motion to Compel, and for such other and further relief as proper.  On July 21, 2010, Two Old Hippies served the Defendants with discovery via the United States Postal Service.  The parties began settlement discussions, and Two Old Hippies suspended the due date of Defendants' answers and responses while settlement discussions were pending.  The parties reached a settlement agreement, but the Defendants did not meet the requirements of the agreement, so the settlement collapsed.  After the collapse, Two Old Hippies notified the Defendants on November 4, 2010 that their answers and responses would be due November 19, 2010.  The Defendants did not answer or respond.  The Court granted the Motion to Compel.  See Memorandum Opinion and Order, filed June 10, 2011 (Doc. 57).

Throughout these proceedings, the Court has made repeated attempts to contact the Defendants.  At the hearing on Two Old Hippies's Motion for Default, the Court attempted unsuccessfully to contact Catch the Bus via telephone at three different telephone numbers -- two of which Two Old Hippies's counsel used to communicate with the Defendants and one from a listing for Catch the Bus from its website -- all of which were no longer in service.  Two Old Hippies stated that it had no working telephone number for Catch the Bus.  Two Old Hippies attempted to notify the Defendants about the Motion for Default by electronic mail transmission and post on January 19, 2011 in an effort to confer, but the Defendants did not respond.  Catch the Bus did not file opposition briefs or otherwise respond to Two Old Hippies's Motion for Default.

Similarly, at the Two Old Hippies' Motion to Compel, no one appeared for the Catch the Bus.  The Court's Courtroom Deputy Clerk attempted to reach the Defendants on three telephone numbers it has for the Defendants.  When the Courtroom Deputy Clerk attempted 575-491-6594, a child answered, and the child did not seem to know the parties the Court sought.  When the Courtroom Deputy Clerk attempted 888-428-2892, she reached what appeared to be a facsimile

transmission apparatus.  When the Courtroom Deputy Clerk attempted 575-437-8081, she found the telephone number had been disconnected.   Additionally, the Court's mail to Catch the Bus, including notice of the Court's hearings and copies of the Court's orders, has been returned undeliverable.  See, e.g., Mail sent from the Court to Gary Mack Returned as Undeliverable, filed January 21, 2011 (Doc. 34); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed January 21, 2011 (Doc. 35); Mail sent from the Court to Gary Mack Returned as Undeliverable, filed February 18, 2011 (Doc. 40); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed February 22, 2011 (Doc. 41); Mail sent from the Court to Fallon Mack Returned as Undeliverable, filed February 23, 2011 (Doc. 44); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed February 23, 2011 (Doc. 45); Mail sent from the Court to Gary Mack Returned as Undeliverable, filed February 23, 2011 (Doc. 46); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed March 1, 2011 (Doc. 48); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed March 17, 2011 (Doc. 53); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed March 30, 2011 (Doc. 55); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed June 15, 2011 (Doc. 58); Mail sent from the Court to Catch the Bus, LLC, Returned as Undeliverable, filed July 25, 2011 (Doc. 61).

On June 1, 2011, Two Old Hippies filed its Summary Judgment Motion.  See Doc. 56.  Two Old Hippies moved the Court for "entry of a money judgment against Catch the Bus, LLC, of $440,612.32, plus costs of suit and such other and further relief as is just and proper."  Summary Judgment Motion at 4.  Two Old Hippies asserted that it has suffered at least $138,728.14 in damages and that it is entitled to treble its damages, because the judgment on liability includes a judgment for fraud as defined by N.M.S.A. 1978, § 57-16-31 of the Motor Dealers Franchising Act

in Count III and a judgment on Two Old Hippies' New Mexico's Unfair Practices Act claim in Count IV.  Consequently, Two Old Hippies asserted, it is entitled to treble damages of $416,184.42, plus reasonable attorneys' fees of $22,843.00 plus tax on those fees of $1,584.90 for a total of $24,427.90.  Catch the Bus did not responded to the Summary Judgment Motion.

On June 30, 2011, Two Old Hippies filed its Motion for Damages and Attorneys' Fees.  <u>See</u> Doc. 59.  Two Old Hippies requested that the Court "add a damages amount to the judgment of $138,728.14 compensatory damages as established by Plaintiff's motion for summary judgment and the accompanying affidavit of Molly Bedell."  Motion for Damages and Attorneys' Fees at 1.  Two Old Hippies also requested that "the Court award and add to the judgment Plaintiff attorneys' fees and gross receipts tax thereon in the amount of $24,427.90 as set forth in the affidavit of the undersigned accompanying Plaintiff's motion for summary judgment."  Motion for Damages and Attorneys' Fees at 1.  Catch the Bus did not responded to Two Old Hippies' Motion for Damages and Attorneys' Fees.

In its Motion for Damages and Attorneys' Fees, Two Old Hippies did not state whether it requested treble damages.  On July 27, 2011, the Court issued an Minute Order, directing Two Old Hippies to file a letter with the Court, copying Catch the Bus, "stating whether it waives its request for treble damages."  Doc. 62.  That same day, Two Old Hippies filed its Amended Motion for Damages and Attorneys' Fees, clarifying that it did seek treble damages.  Catch the Bus did not file opposition briefs or otherwise respond to Two Old Hippies' Amended Motion for Damages and Attorneys' Fees.

On August 18, 2011, the Court issued its Memorandum Opinion and Order, granting in part and denying in part Two Old Hippies' Summary Judgment Motion, Motion for Attorneys' Fees, and Amended Motion for Damages and Attorneys' Fees.  <u>See</u> Doc. 70.  The Court awarded Two Old

-15-

Hippies compensatory damages, but the Court stated inconsistent sums when it stated how much compensatory damages it awarded.  In the portion of the Summary and Default Judgment MOO where the Court calculated Two Old Hippies' compensatory damages, the Court reckoned that Two Old Hippies was entitled to "$113,596.54 in compensatory damages."  Summary and Default Judgment MOO at 21.  Some portions of the Summary and Default Judgment MOO, however, mistakenly stated that "[t]he Court awards Two Old Hippies $116,818.14 in compensatory damages."  Summary and Default Judgment MOO at 17.  The Court found that Two Old Hippies was qualified for statutory damages, but did not award a specific amount on the record before it, because the Court found insufficient evidence to support Two Old Hippies' request for summary judgment on treble damages, and the Court held that it was unable to award default judgment for statutory damages without holding a hearing.  The Court also found that the Two Old Hippies was entitled to attorneys' fees, but held that, because Two Old Hippies did not separate its attorneys' fees for its unsuccessful claims from its successful claims, the Court could not grant summary judgment for attorneys' fees and could not grant default judgment on attorneys' fees without holding a hearing.

On August 25, 2011, Two Old Hippies supplemented the record with information about its attorneys' fees. Two Old Hippies filed Mr. Gulley's Supplemental Affidavit, which deducted the attorneys' fees Two Old Hippies incurred in prosecuting its unsuccessful claims from its attorneys' fees request.  Two Old Hippies also submitted detailed Billing Statements, which list the dates, number of hours, rates, and descriptions of Two Old Hippies attorneys' fees.

On August 25, 2011, the Court held a hearing on Two Old Hippies' request for default judgment on attorneys' fees and NMUPA statutory damages.  Catch the Bus did not attend the hearing.  The Court attempted to reach Catch the Bus, G. Mack, or F. Mack at the three telephone

number it has on record for them, but, as before, its attempts were unsuccessful. The Court's

Courtroom Deputy first attempted the telephone number 575-491-6594. A person answered the

telephone. When the Courtroom Deputy inquired whether G. Mack, F. Mack, or another

representative for Catch the Bus was available, the person, whose voice sounded male, said no and

hung up the telephone. The Courtroom Deputy next attempted the telephone number 888-428-2892,

but an electronic device answered -- perhaps a facsimile transmission apparatus or a computer

modulator-demodulator apparatus ("modem"). Finally, the Courtroom Deputy attempted the

telephone number 575-437-8018, but found that it had been disconnected. Mr. Gulley stated that

he does not have a working phone number for Catch the Bus. The Court's mail to the Catch the Bus

continues to be returned as undeliverable. <u>See, e.g.</u>, Mail sent from the Court to Catch the Bus,

LLC, Returned as Undeliverable, filed August 19, 2011 (Doc. 71); Mail sent from the Court to Catch

the Bus, LLC, Returned as Undeliverable, filed August 22, 2011 (Doc. 72). Mr. Gulley stated that

he does not have a working telephone number for Catch the Bus and that he has attempted to reach

Catch the Bus by post and electronic mail to notify it of Two Old Hippies Motion for Default. <u>See</u>

Transcript of Hearing at 2:18-22 (taken August 25, 2011)(Court)("Tr.").[9]

At the August 25, 2011 hearing, Mr. Gulley stated that Two Old Hippies reduced the

attorneys' fees its seeks in accordance with his supplemental affidavit and Billing Statements to

eliminate attorneys' fees for its unsuccessful claims. Mr. Gulley also stated that Two Old Hippies

withdraws its request for treble damages. Two Old Hippies does "not ask the Court to treble

damages but as an alternative to award $300 statutory damages based on the allegations in the

Complaint." Tr. at 4:4-10 (Gulley). <u>See id.</u> at 6:10-13 ("THE COURT: . . . [Y]ou're not asking for

_____

[9] The Court's citations to the transcript are to the Court Reporter's original, unedited version.
Any final version may contain different line or page numbers.

treble damages[;] you're just asking for the statutory damages now?  MR. GULLEY: Correct, Your Honor, $300.").  Mr. Gulley also noted that the Court's Summary and Default Judgment MOO contained a discrepancy in the amount of compensatory damages the Court awards Two Old Hippies.[10]

## <u>LEGAL STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT</u>

Rule 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted).  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.")(internal quotation marks omitted).  Once the movant meets this burden, rule 56(e) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 324; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,

---

[10] Mr. Gulley suggested the error resulted from using the wrong figure for the repurchase price for Bus #2.  The Court's Summary and Default Judgment MOO correctly calculated the repurchase price to be $33,624.00, in accordance with the verified Complaint.  <u>See</u> Complaint ¶ 23, at 3.  <u>Cf.</u> Bus #2 Invoice at 2 (estimating a price of $33,624.00 for Bus #2).  While the Summary Judgment Motion and Bedell's affidavit state that the repurchase price of Bus #2 was $34,646.00, <u>see</u> Bedell Aff. ¶ 14, at 2; Summary Judgment Motion ¶ 10, at 2, because the Court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party, <u>see</u> <u>Hunt v. Cromartie</u>, 526 U.S. at 551, the Court takes the lesser amount of $33,624.00 from the verified Complaint to be the correct figure.

256 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation marks omitted).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his [or her] pleadings." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("However, 'once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.'" (citation omitted)). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(citing Fed. R. Civ. P. 56(e) and Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853

-19-

F.2d 789, 794 (10th Cir. 1988)).

To survive summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250.  A mere "scintilla" of evidence will not avoid summary judgment.  Vitkus v. Beatrice Co., 11 F.3d at 1539.  Rather, there must be sufficient evidence on which the fact-finder could reasonably find for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improv. Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539.  "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (internal citations omitted).  Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind three principles.  First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.  Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party.  See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999).  Third, the court cannot decide any issues of credibility.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

<u>**ANALYSIS**</u>

The Court awards Two Old Hippies $19,925.50 in attorneys' fees and $1,367.97 in taxes, for a total of $21,293.47.  The Court also awards Two Old Hippies $300.00 in statutory damages. The Court amends its ruling in its Summary and Default Judgment MOO to award Two Old Hippies $113,596.54 in compensatory damages.

**I.    THE    COURT    AWARDS    TWO    OLD    HIPPIES    $113,596.54    IN COMPENSATORY DAMAGES.**

In its Summary and Default Judgment MOO, the Court awarded Two Old Hippies summary judgment on its request for compensatory damages.  The Court stated two different compensatory damages amounts.  The correct amount is $113,596.54.  The Court therefore amends its Summary and Default Judgment MOO to award Two Old Hippies $113,596.54 in compensatory damages.

After entering default judgment, the Court takes all of the well-pleaded facts in a complaint as true.  <u>See</u> <u>United States v. Craighead</u>, 176 F. App'x 922, 925 (10th Cir. 2006); <u>Flaks v. Koegel</u>, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  (citations omitted)).  "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing."  <u>United States v. Craighead</u>, 176 F. App'x at 925 (quoting 10A C. Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u>, § 2688 (3d ed. 1998))(alteration in original).  <u>See</u> <u>also</u> Fed. R. Civ. P. 8(d)("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").  A court may enter a default judgment for a damage award without a hearing

if the amount claimed is "one capable of mathematical calculation." Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007)(Browning, J.)(quoting H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983))). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A C. Wright, A. Miller & M. Kane, supra, § 2688 (quoting Pope v. United States, 323 U.S. 1, 12 (1944)). "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary. Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v. Atlantic Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)). See Fed. R. Civ. P. 55(b)(2)(B)("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

"In the absence of genuine issues of fact material to a plaintiff's damages showing, a court may appropriately address damages through summary judgment, including in cases where facts have been determined by the entry of default judgment." Default MOO at 18 n.5 (citing Trustees of Const. Indus. and Laborers Health and Welfare Trust v. Hartford Fire Ins. Co., 578 F.3d 1126, 1127, 1130 (9th Cir. 2009)(affirming in part district court's award of damages in summary judgment based on default judgment); J.R. Simplot v. Chevron Pipeline Co., 563 F.3d 1102, 1117 (10th Cir. 2009)(recognizing that summary judgment on any and all aspects of a party's claim, including damages, is proper if there are no genuine issues of material fact); Mid-Continent Cas. Co. v. JHP Dev., 557 F.3d 207, 211, 218 (5th Cir. 2009)(affirming district court's granting summary judgment awarding damages based on finding "default judgment in the underlying suit was binding" on the plaintiff); Ruiz v. Blentech Corp., 89 F.3d 320, 323 (7th Cir. 1996)("When a party moves for a

default judgment, presents substantial evidence supporting its request for damages and encounters no meaningful opposition, the district court's decision to grant the motion includes an implicit assessment of the damages in the requested amount.")). <u>Cf.</u> <u>Olcott v. Delaware Flood Co.</u>, 327 F.3d 1115, 1119 n.4 (10th Cir. 2003)(discussing that entry of summary judgment was appropriate after entry of default under rule 55(a), because "the court had not yet entered judgment by default pursuant to Fed. R. Civ. P. 55(b)"). Nothing in the rules of procedure concerning summary judgment or default judgment requires the court to treat damages differently than other issues or mandates a trial where there is no genuine issue of material fact. <u>See</u> <u>Applied Capital, Inc. v. Gibson</u>, 558 F. Supp. 2d at 1202-03.

The Court has entered Default Judgment as to liability against Two Old Hippies. "[W]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages." <u>United States v. Craighead</u>, 176 F. App'x at 924-25 (quoting <u>American Red Cross v. Community Blood Center Of The Ozarks</u>, 257 F.3d 859, 864 (8th Cir. 2001))). In <u>United States v. Craighead</u>, the Tenth Circuit addressed a defendant's argument that a district court had improperly entered default judgment against him, because the court did not have subject-matter jurisdiction and because "the record contains only the theories and conclusions of counsel purporting to represent the United States -- no notes and no authenticated documents." 176 F. App'x at 924. The Tenth Circuit rejected the defendant's argument, stating:

> The fatal flaw in Mr. Craighead's argument is that it rests on the faulty premise that the district court could not enter default judgment unless the government proved the factual allegations contained in its complaint. On the contrary, Mr. Craighead relieved the government of the burden of proving its factual allegations, including the allegations supporting constitutional standing, by failing to answer the complaint. "<u>The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal</u>

-23-

the facts thus established." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d
1200, 1206 (5th Cir. 1975); see also Olcott v. Delaware Flood Co., 327 F.3d 1115,
1125 (10th Cir. 2003) (quoting Jackson v. FIE Corp., 302 F.3d 515, 525 (5th Cir.
2002), for the same proposition); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir.
2002) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987), for the
same proposition).

176 F. App'x at 924-25 (emphasis added).

On Two Old Hippies' Summary Judgment Motion, the Court determined, taking the factual

allegations in Two Old Hippies' Complaint as true -- with liability established by virtue of default

judgment -- and in light of the evidence Two Old Hippies presents in support of its Summary

Judgment Motion, that Two Old Hippies is entitled to some of the compensatory damages it sought.

See Klapprott v. United States, 335 U.S. 601, 612 (1949)("[D]efault judgments for money damages

where there is any uncertainty as to the amount must ordinarily be supported by actual proof.");

Rainey v. Diamond State Port Corp., 354 F. App'x 722, 723 (3d Cir. 2009)(per curiam)(affirming

a district court's entry of nominal damages where default judgment was the only basis of liability

for the plaintiff's Title VII claim); Beavers v. Brown, 95 F. App'x 529, 530 (5th Cir.

2004)(affirming award of nominal damages for § 1983 claims where liability was based only on

default judgment); Lothschuetz v. Carpenter, 898 F.2d 1200, 1205 & n.4 (6th Cir. 1990)(affirming

award of nominal damages to compensate each libel plaintiff where "liability was established by the

district court's entry of a default judgment").

> While a default judgment constitutes an admission of liability, the quantum of
> damages remains to be established by proof unless the amount is liquidated or
> susceptible of mathematical computation. Trans World Airlines, Inc. v. Hughes, 449
> F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 . . . (1973);
> Davis v. National Mortgage Corp., 320 F.2d 90, 91-92 (2d Cir. 1963); 6 J. Moore,
> Federal Practice ₱55.07 (2d ed. 1974) and cases cited. See also Fed. R. Civ. P. 8(d).
> Punitive damages are clearly not liquidated or computable and there is no basis at all
> here to award the amount set forth in the complaint. See Bass v. Hoagland, 172 F.2d
> 205, 209 (5th Cir.), cert. denied, 338 U.S. 816 . . . (1949).

Flaks v. Koegel, 504 F.2d at 707.

In Rainey v. Diamond State Port Corp., the United States Court of Appeals for the Third

Circuit explained:

> When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought. Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The damages Rainey sought could not be determined with exactness on the cause of action by a simple mathematical calculation or by application of definitive rules of law. "If it is necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing." Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994) (quoting Fed. R. Civ. P. 55(b)(2)) (emphasis added) (internal quotation marks omitted).

354 F. App'x at 725.

The Court granted Two Old Hippies summary judgment for $113,596.54 in compensatory

damages. According to the allegations in the verified Complaint, which the Court took as true, and

Bedell's uncontested affidavit, there is no genuine question of material fact that Two Old Hippies'

suffered damages of at least $116,319.02: (i) $108,672.00 for the purchase price of the two buses

and reacquisition of Bus #2; (ii) $3,240.68 for repairs and towing for Bus #1; (iii) $1,627.00 for

transporting Bus #2 to and from the contest winner; and (iv) $2,779.34 for design and graphic

expense for Bus #1. See Bedell Aff. ¶ 19, at 3; Complaint ¶¶ 9, 11-12, 23-26, at 2, 3. Catch the Bus

paid $2,722.48 toward repairs on Bus #1. See Bedell Aff. ¶ 20, at 3; Summary Judgment Motion

¶ 16, at 3 (setting forth this fact). After offsetting Two Old Hippies' damages by this amount, Two

Old Hippies' compensatory damages are $113,596.54.

The Court concluded that, while there was no genuine question of material fact whether Two

Old Hippies was entitled to $113,596.54, it could not enter default judgment for compensatory

damages. "[A] court may enter a default judgment without a hearing only if the amount claimed is

a liquidated sum or one capable of mathematical calculation." Hunt v. Inter-Globe Energy, Inc., 770

F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)("[A]

court may not enter a default judgment without a hearing unless the amount claimed is a liquidated

sum or one capable of mathematical calculation." (citations omitted))).  The verified Complaint and

Catch the Bus' invoices set forth the purchase price of the buses and the repurchase price of Bus #2.

See Complaint ¶ 9, at 2 ("In July 2009, TOH contracted to purchase a restored VW bus from CTB

for $ 41,424 . . . ."); Complaint ¶ 11, at 2 ("In October 2009, TOH contracted to purchase a second

restored VW bus from CTB for $33,624 . . . ."); See Complaint ¶ 23, at 3 ("TOE reacquired Bus #2

from its winning entrant for $33,624 . . . ."); Bus #1 Invoice at 2 (estimating a price of $41,424.00

for Bus #1); Bus #2 Invoice at 2 (estimating a price of $33,624.00 for Bus #2).  The damages that

Two Old Hippies seeks for the purchase price of the buses can therefore "be determined with

exactness on the cause of action by a simple mathematical calculation," Rainey v. Diamond State

Port Corp., 354 F. App'x at 725, because "the award was 'ascertainable by mathematical calculation

from a standard fixed in the contract,'" United States for Use of C.J.C., Inc. v. W. States Mech.

Contractors, Inc., 834 F.2d 1533 (10th Cir. 1987)(quoting Grynberg v. Roberts, 102 N.M. 560, 698

P.2d 430, 433 (1985)).  See Flaks v. Koegel, 504 F.2d at 707 ("While a default judgment constitutes

an admission of liability, the quantum of damages remains to be established by proof unless the

amount is liquidated or susceptible of mathematical computation."  (quoting Trans World Airlines,

Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973), and

citing Davis v. National Mortgage Corp., 320 F.2d 90, 91-92 (2d Cir. 1963); 6 J. Moore, Federal

Practice P55.07 (2d ed. 1974)).  The verified Complaint and Bedell's affidavit also assert that Two

Old Hippies paid $3,240.68 for repairs and towing for Bus #1 and $1,627.00 for transporting Bus

#2 to and from the contest winner.  See Bedell Aff. ¶ 19, at 3; Complaint ¶¶ 24-26, at 3.  Two Old

Hippies, however, sought compensation for damages outside of its contract with Catch the Bus that are not mentioned in the Complaint.  Namely, Bedell's uncontested affidavit asserts that Two Old Hippies paid $2,779.34 for design and graphic expense for Bus #1, see Bedell Aff. ¶ 20, at 3, and Two Old Hippies informed Catch the Bus of the intended uses of the buses before the purchases of the buses, see Bedell Aff. ¶ 9, at 2; Complaint ¶ 18, at 3.  The Court thus concluded:

> There is no genuine question of material fact whether Two Old Hippies is entitled to compensation for the design and graphic expense, and the Court will award summary judgment for this amount.  While there is no genuine dispute whether Two Old Hippies is entitled to damages for the design and graphic expense for Bus #1, the Court may not enter default judgment for this sum without a hearing.  Accordingly, the Court denies Two Old Hippies' request that it amend the Default Judgment to include an award for compensatory damages.

Summary and Default Judgment MOO at 23.

The Court also denied Two Old Hippies' request for compensation for advertising costs associated with giving away Bus #2.  The problems the contest winner and Two Old Hippies experienced with Bus #2 did not rob Two Old Hippies of the advertising value of giving away the bus.  While receiving the cash value of Bus #2 may have somehow diminished the contest winner's perception of his or her prize, there is nothing in the record to suggest that Bus #2's shortcoming became public knowledge or otherwise undermined whatever publicity Two Old Hippies enjoyed from its give-away contest.  Because Two Old Hippies presented no evidence that the difficulties it experienced with Bus #2 diminished the promotion's advertising value, the Court did not award Two Old Hippies compensation for its promotional costs.

After reducing the advertising expense from the compensation Two Old Hippies seeks, the Court concluded that Two Old Hippies is entitled to summary judgment for $113,596.54 in compensatory damages.  Despite correctly calculating Two Old Hippies compensatory damages, the Court mistakenly stated in portions of its Summary and Default Judgment MOO that it was

-27-

awarding Two Old Hippies $116,818.14 in compensatory damages.  This amount reflects the sums

that Two Old Hippies states that it paid for the buses in its affidavits supporting its Summary

Judgment Motion.  The Court takes as true, however, the lesser amount Two Old Hippies stated that

it paid for the buses in its verified Complaint, which is $3,221.60 less that the amount Two Old

Hippies states in its affidavits supporting its Summary Judgment Motion, because the Court must

resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all

evidence in the light most favorable to the non-moving party.  See Hunt v. Cromartie, 526 U.S. at

551.  The Court therefore amends its ruling in its Summary and Default Judgment MOO to award

Two Old Hippies $113,596.54 in compensatory damages.

## II.       THE COURT AWARDS TWO OLD HIPPIES $300.00 IN STATUTORY DAMAGES.

At the hearing, Two Old Hippies stated that it withdraws its request for treble damages and

that it now seeks only $300.00 in statutory damages.   See Tr. at 6:10-13 ("THE

COURT: . . . [Y]ou're not asking for treble damages[;] you're just asking for the statutory damages

now?  MR. GULLEY:  Correct, Your Honor, $300.").  The Court will exercise its discretion under

the NMUPA to award Two Old Hippies $300.00 in statutory damages.

The Court entered Default Judgment against Catch the Bus on Two Old Hippies' MVFDA

and NMUPA claims.  See Default Judgment at 1 (entering default judgment "on liability against

Catch the Bus on all of Plaintiff Two Old Hippies, LLC's remaining claims").  "[W]hen a default

judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in

the complaint are taken as true, except facts relating to the amount of damages."  United States v.

Craighead, 176 F. App'x at 924-25 (quoting American Red Cross v. Community Blood Center Of

The Ozarks, 257 F.3d 859, 864 (8th Cir. 2001))).  The Court therefore takes as true that allegation

in the Complaint that Two Old Hippies willfully misrepresented the condition of the buses, see

-28-

Complaint ¶ 49, at 5 ("The CTB Defendants violated NMSA §57-12-6 by willfully misrepresenting the condition of buses."), in violation of N.M.S.A. 1978, §§ 57-12-2, 57-12-6.

"The NMUPA provides for compensatory damages for any violation that causes harm and for treble damages for any violation willfully committed." Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 749 F. Supp. 2d 1235, 1259 (D.N.M. 2010)(Browning, J.).  The NMUPA states:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.  Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice.

N.M.S.A. 1978, § 57-12-10B (emphasis added).  The award of statutory damaged is discretionary. See N.M.S.A. 1978, § 57-12-10B ("[T]he court may award up to three times actual damages or three hundred dollars ($300) . . . ." (emphasis added)); Ashlock v. Sunwest Bank of Roswell, N.A., 107 N.M. 100, 101, 753 P.2d 346, 347 (1988)("[N.M.S.A. 1978, § 57-12-10B's] permissive language leads us to conclude that it was within the legislature's contemplation that in some cases, but not all, the false or misleading statement would be made at the outset with the intent to deceive, and in such cases triple damages would not be unwarranted."); Teague-Strebeck Motors, Inc. v. Chrysler Ins. Chaco., 127 N.M. 603, 621, 985 P.2d 1183, 1201 (Ct. App. 1999)("[A]n award of treble damages under the Unfair Practices Act is discretionary.  NMSA 1978, Section 57-12-10(B) (1987), states that upon finding a willful violation of the act, 'the court may award up to three times actual damages.'" (emphasis in original)(citations omitted)); McLelland v. United Wis. Life Ins. Co., 127 N.M. 303, 307, 980 P.2d 86, 90 (Ct. App. 1999)("Thus, in a jury trial (1) the jury may assess actual, or compensatory, damages, and (2) the court, in its discretion, may increase the award to a maximum

of triple the compensatory damages if the jury finds willful misconduct."). <u>See also</u> <u>Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Chaco.</u>, 170 F.3d 985, 996 (10th Cir. 1999)("The statute specifically makes the awarding of treble damages a discretionary act.").

The Court will exercise its discretion to award Two Old Hippies $300.00 in statutory damages. Two Old Hippies alleges in the Complaint that "[t]he CTB Defendants violated NMSA §57-12-6 by <u>willfully</u> misrepresenting the condition of buses." Complaint ¶ 49, at 5 (emphasis added). Because Two Old Hippies "parrot[s] the NMUPA's language that provides statutory damages against defendants [who] 'willfully engaged in . . . unlawful trade practices,' . . . . [t]he Court takes this allegation as true." <u>Obenauf v. Frontier Fin. Group, Inc.</u>, No. Civ. 11-0085 JB/KBM, 2011 WL 1892772, at *28 (D.N.M. May 19, 2011)(Browning, J.)(citing <u>United States v. Craighead</u>, 176 F. App'x at 924-25; <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981)(noting that, where a party moves for a default judgment after another party's default, the moving party is "entitled to all reasonable inferences from the evidence offered")). While Two Old Hippies' claims sound primarily in contract -- Catch the Bus did not deliver the goods it promised -- the Court, as it must, takes as true the allegations in the Complaint that Catch the Bus falsely represented that the buses were of a particular standard, quality or grade -- "willfully misrepresenting the condition of the buses." Complaint ¶ 49, at 5. While the Court is sometimes reluctant to award punitive damages or exemplary damages in breach-of-contract cases, lest it cut against common-law tradition of efficient breach, and instead discourage parties from walking away from a contract when it no longer stands to profit. Here, however, there is not only a breach of contract, but a willful violation of a New Mexico statute. There is a breach of contract plus other wrongs. Two Old Hippies states that the buses had "many serious mechanical and physical defects," making the first bus "not safely operable" and the second bus "not operable" at all, Complaint ¶¶ 19,

21, 27, at 3, contrary to Catch the Bus' willful "representations that the buses were '"ready to go" on delivery,' and would be usable 'for daily driver or for cross-country trips,'" Complaint ¶ 16, at 2. Also, $300.00 does not upset the efficient-breach calculus so much that it distorts contract law. Consequently, the Court exercises it discretion to award Two Old Hippies $300.00 for Catch the Bus' willful misrepresentations.

## III. THE COURT WILL AWARD TWO OLD HIPPIES $21,463.89 IN REASONABLE ATTORNEYS' FEES AND TAXES.

Two Old Hippies contends that it is entitled to attorneys' fees under both its MVFDA claim in Count III and under its NMUPA claim in Count IV.  The NMUPA provides that "[t]he court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails."  N.M.S.A. 1978, § 57-12-10C.  See Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1218 (10th Cir. 2003)("[T]he UPA requires the award of attorneys' fees to a prevailing claimant . . . .").  The MVFDA similarly provides that "any person who shall be injured in his business or property by reason of anything forbidden in this act may sue therefor in the district court and shall recover actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee."  N.M.S.A. 1978, § 57-16-13.  The Court will therefore award Two Old Hippies reasonable attorneys' fees.

Two Old Hippies has incurred $19,925.50 in attorneys' fees, on which it has incurred $1367.97 in gross receipts taxes, for a total of $21,293.47.  The Supreme Court of the United States has admonished that a "request for attorneys' fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Nevertheless, the Tenth Circuit requires a sufficient factual record to support a claim for attorneys' fees and expenses.  See Clay v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1256-57 (10th Cir. 1998).  In determining appropriate attorneys'

fees, courts generally begin by calculating the lodestar -- the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended.  See Hensley v. Eckerhart, 461 U.S. at 433-37; Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 856 (7th Cir. 2009).  The court may then adjust that figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation.  See Farrar v. Hobby, 506 U.S. 103, 120-22 (1992)(O'Connor, J., concurring).

Two Old Hippies has incurred $19,925.50 in attorneys' fees.  This amount includes 50.7 hours of Mr. Gulley's time, which he bills at $275.00 per hour, and 33.2 hours of Ms. Avitia's time, which she bills at $195.00 per hour.  See Billing Statements at 1-42; Gulley Aff. ¶ 3, at 1.  It also includes $9.00 in paralegal fees, which Bannerman & Johnson bills at $90.00 an hour.  See Billing Statements at 36; Gulley Aff. ¶¶ 3-4, at 1.  The Court finds that these rates are reasonable for federal court practice in the District of New Mexico.  See Mountain Highlands, LLC v. Hendricks, No. Civ 08-0239 JB/ACT, 2010 WL 1631856, at *9-10 (D.N.M. Apr. 2, 2010)(Browning, J.)(approving an hourly rate of $170.00 to $210.00 for commercial litigation); Wiatt v. State Farm Ins. Cos., No. CIV 07-0526 JB/KBM, 2008 WL 2229630, at *4-5 (D.N.M. Mar. 24, 2008)(Browning, J.)(holding that a fee of $200.00 per hour for insurance defense work was reasonable); Applied Capital, Inc. v. Gibson, No. CIV-05-0098 JB/ACT, 2007 WL 709054 at *3 (D.N.M. Jan. 30, 2007)(Browning, J.)(approving hourly rate of $210.00 for commercial-litigation dispute); Allahverdi v. Regents of Univ. of N.M., No. CIV05-0277 JB/DJS, 2006 WL 1304874 at *2 (D.N.M. Apr. 25, 2006)(Browning, J.)(finding hourly rate of $225.00 reasonable); Kelley v. City of Albuquerque, No. CIV 03-507 JB/ACT, 2005 WL 3663515, at **15-17 (Doc. 117)(D.N.M. Oct. 24, 2005)(Browning, J.)(finding $250.00 per hour to be a reasonable rate).  The Court is familiar with Mr. Gulley both from its own work when in private practice and from other cases before the Court; he has tried a

couple cases before the Court, and is one of the more seasoned and experienced commercial litigators in the District of New Mexico.  He is entitled to charge at the higher end of the rates.  Ms. Avitia has tried one large complex civil case before the Court, which lasted three weeks.  She is an excellent associate, and she is worth her associate rate of $195.00 per hour.  The two are a superior litigating team and worth, in 2011, their hourly rates in this District.  Their hourly rates are customary and reasonable in the District of New Mexico.  Two Old Hippies attorneys' fees are also reasonable in light of the relief Two Old Hippies attorneys obtained for it; the attorneys' fees amount to approximately nineteen percent of Two Old Hippies' damages.  The Court therefore awards Two Old Hippies $21,293.47 in attorneys' fees and gross receipts taxes.

**IT IS ORDERED** that the Court grants in part and denies in part the Plaintiff's Motion for Summary Judgment to Set the Amount of Damages, filed June 1, 2011 (Doc. 56), the Plaintiff's Motion to Grant its Summary Judgment Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and Attorneys' Fees to the Judgment, filed June 30, 2011 (Doc. 59), and the Plaintiff's Amended Motion to Grant its Summary Judgment Motion and to Amend Default Judgment Against Catch the Bus, LLC (Doc. 51) to Add a Damages Amount and Attorneys' Fees to the Judgment, filed July 27, 2011 (Doc. 68).  The Court awards Plaintiff Two Old Hippies, LLC, $19,925.50 in attorneys' fees and $1,367.97 in taxes, for a total of $21,293.47.  The Court also awards Two Old Hippies $300.00 in statutory damages under the NMUPA.  The Court amends its award of compensatory damages in its Memorandum Opinion and Order, filed August 18, 2011 (Doc. 70), to award Two Old Hippies $113,596.54 in compensatory damages.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties :*

Thomas P Gulley
Rebecca L. Avitia
Bannerman & Johnson, PA
Albuquerque, New Mexico

    *Attorneys for Two Old Hippies, LLC*

Catch the Bus, LLC
Alamogordo, New Mexico

    *Defendant pro se*

Gary Mack
Alamogordo, New Mexico

    *Defendant pro se*

Fallon Mack
Alamogordo, New Mexico

    *Defendant pro se*